ACCEPTED
03-14-00635-CV
4254313
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 9:08:18 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 9:08:18 PM
JEFFREY D. KYLE
Clerk

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No. 14-0385-C**

**BRIEF OF APPELLANT**

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEYS FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

No. 03-14-00635-CV

---

## IN THE THIRD COURT OF APPEALS OF TEXAS

---

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

---

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No. 14-0385-C**

---

## BRIEF OF APPELLANT

---

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT NOT REQUESTED

---

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**

Dr. Michael Goebel

**COUNSEL:**

David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
DARogers@aol.com

Matthew Wilson
SBN 24079588
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
MWilson@MatthewWilsonLaw.com

**APPELLEES:**

**Sharon Peters Real Estate, Inc.**

**COUNSEL:**

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
**Attorney for the corporation, Sharon Peters Real Estate, Inc.**

## TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………….iii

Table of Contents………………………………………………………...iv

Index of Authorities……………………………………………….......v

Statement of the Case……………………………………………………1

Statement on Oral Argument……………………………………………..1

Issues Presented…………………………………………………………..2

Argument & Authorities…..……………………………………………....2

Prayer………………………………………………….......................6

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*See Gandy Nursery, Inc. v. U.S., 318 F.3d 631, 636 (5th Cir. 2003)*.........6
*Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 429 (5th Cir. 2002)*.......6
*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 143
L. Ed. 2d 760, 119 S. Ct. 1563 (1999)...........................................6
*Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380 (5th Cir. 2014)..............7


**TEXAS COURTS OF APPEAL**

*Myrad Props. v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 607,
(Tex. App.—Austin 2008)...........................................................3
*Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130, 1987
Tex. App. LEXIS 9289, 5 (Tex. App. San Antonio 1987)...........3, 11, 12
*Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014
Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014).......3, 12
*Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557
(Tex. App.--San Antonio 2001, pet. dism'd)...............................4, 9
*Rice v Pinney,* 51 S.W.3d 705, at 708-709 (Tex. App.--Dallas 2001).......4
*State v. Jones*, 220 S.W.3d 604, 607 (Tex. App.—Texarkana 2007, no
pet.)..............................................................................8, 15
*Accord, Winrock Houston Assocs. Ltd. Partnership v. Bergstrom*, 879
S.W.2d 144, 150, 1994 Tex. App. LEXIS 1034, 15
(Tex. App. Houston 14th Dist. 1994)......................................8, 15
*Volume Millwork, Inc. v. W. Houston Airport Corp.*, 2006 Tex. App.
LEXIS 6907, 17 (Tex. App.--Houston [1[st]] Aug. 3, 2006.................8, 16
*Wetsel v. Ft. Worth Brake, Clutch & Equipment, Inc.*,
780 S.W.2d 952, 954 (Tex. App.--Fort Worth 1989).....................9, 16
*Adams v. Ross*, 2013 Tex. App. LEXIS 2974, 6-7, 2013 WL 1183297
(Tex. App.--Houston [1[st]] Mar. 21, 2013)................................9, 16
*Stegall v. Cameron*, 601 S.W.2d 771, 773, 1980 Tex. App.
LEXIS 3536, 3-6 (Tex. Civ. App.--Dallas 1980)..........................9, 16
*Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818-819 (1936)..............10
*Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171
(Tex. App.—Houston[1[st] Dist.] 1995......................................10
*Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)…10
*O'Brian v. First State Bank*, 1996 Tex. App. LEXIS 4099
(Tex.App. – Austin 1996)........................................................11
*Missouri City v. Senior,* 583 S.W.2d 444, 446
(Tex.App. – Houston [1[st] Dist] 1979)......................................11

*Yarbrough v. Household Fin. Corp. III,* 2015 Tex. App.
LEXIS 212 (Tex. App.—Houston [14th])……………………………………13
*Chinyere v. Wells Fargo Bank, N.A.,* 2012 Tex. App. LEXIS 5678,
(Tex.App. Houston [1st Dist.]………………………………………...14, 16
*Yarto & DTRJ Invs., L.P. v. Gilliland,* 287 S.W.3d 83, 89
(Tex. App.-Corpus Christi 2009, no pet.)…………………………….……16

**CODES**
TEX. PROP. CODE § 92.009……………………………………………..…9

**RULES**
TEX. R. APP. P. 39.1……………………………………………………….1

TEX. R. CIV. P. 746………………………………………………..4, 10

TEX. R. APP. PROC 25.1(a)-(b)……………………………………….5

Texas Rule of Civil Procedure 506.1(b)……………………………...7, 15

Texas Rule of Civil Procedure 510.9 (a)……………………………….8

TEXAS R. CIV. PRO. 510.8(d)(3)………………………………………...9

Texas R. Civ. Pro. 510.9 (c) (5)………………………………………..9, 15

**TO THE HONORABLE THIRD DISTRICT COURT OF APPEALS:**

Appellant, Dr. Michael Goebel, hereby pleads that the honorable Court of Appeals reverse the judgment of the Hays County Court at Law #1 and remand for further proceedings, and in support of this motion he shows the Court:

## Statement of the Case

1.01.  Appellant is Dr. Michael Goebel (hereinafter "Goebel" or "Appellant").

1.02.  Appellee is Sharon Peters Real Estate, Inc. (hereinafter "SPRE" or "Appellee").

1.03.  This is an appeal of a Judgment entered August 11, 2014 by the Hays County Court at Law Number 2.

1.04.  The case was resolved at trial before the County Court at Law, Honorable Linda A. Rodriguez presiding.

1.05.  Appellees filed suit against Appellant seeking possession of the home at 207 Cazador Drive, San Marcos, Texas.

## Statement Regarding Oral Argument

2.01.  Appellant believes that this brief and record adequately presents the facts and legal arguments involved in this appeal and that oral argument would not aid the decisional process significantly.  *See* TEX. R. APP. P. 39.1.

Should the Court conclude that oral argument would be helpful, however, Appellant stands ready and requests the opportunity to participate.

## Issues Presented

3.01.  Did the Hays County Court have jurisdiction over the cause when no appeal bond was timely filed with the Hays County Justice of the Peace Court?

## Facts

4.01. Dr. Goebel purchased the property from the previous owner in January of 2005, [1] with a loan from Lehman Bros. Bank, FSB.[2]

4.02.  The actual owner of the Note at all relevant times was either Lehman Bros. Bank, FSB or Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-6XS, whose trustee was variously LaSalle National Bank, Bank of America, or U.S. Bank.  At no time was Aurora Loan Services, LLC ("Aurora") or Nationstar the owner of the Note, nor was Nationstar the "mortgage servicer" authorized the foreclose on the property under Texas Property Code Chapter 51.  This is

---

[1] *See* General Warranty Deed, CR at 299 to 300.
[2] Lehman Bros. Bank, FSB was one of the first lenders to go under in the Great Recession.  Lehman Bros. Bank, FSB ceased business operations in the fall of 2008, in the largest bankruptcy in American history.  Its constituent parts were acquired by a variety of entities in fall of 2009 as one of the first dominoes in the great bank collapse of that year.

important, because, as the Third Court of Appeals recently stated, "noncompliance with these requirements can render a foreclosure sale void." *Myrad Props. v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 607, (Tex. App.—Austin 2008).

4.03. Nationstar initiated foreclosure proceedings in 2013. The Foreclosure sale occurred September 3, 2013, approximately two and a half hours after the Honorable Judge Bill Henry had signed a temporary restraining order,[3] and approximately two hours after Mr. Goebel paid the required bond to the District Clerk.

---

[3] CR at 344 to 348 Though Sharon Peters Real Estate, Inc. complains bitterly about the mistaken language in the TRO suggesting the TRO is valid for 60 days, in violation of the statutory 14 day limit on a TRO, that defect does not vitiate the TRO. "Judgments which are rendered without observance of statutory requirements which are purely procedural are not void, however irregular or erroneous they may be." *Ex parte Coffee*, 328 S.W.2d 283, 291 (Tex. 1959). (internal citations omitted.) Peters Real Estate may also complain of other procedural defects, but "[w]hen a Texas court issues an order, the order must be obeyed, even if it was issued in a flagrantly erroneous manner. The violation of a restraining order will be excused only if the order was 'absolutely void.' An order is absolutely void if the court that issued it lacked the jurisdiction needed to do so. This Court already decided that the court that issued the TRO had jurisdiction. The order was not, therefore, absolutely void and those persons bound by it had no choice but to obey." *Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130, 1987 Tex. App. LEXIS 9289, 5 (Tex. App. San Antonio 1987) (internal citations omitted.) Any sale in violation of a TRO is void. *See Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014 Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014) ("The trial court had already held the attempted correction deed of September 22, 2011, void as a violation of the court's injunction.")

4.04.  Subsequent to the Nationstar foreclosure, Nationstar purportedly sold the property, through the Auction.com website, to Sharon Peters Real Estate, Inc.

4.05.  On April 11, 2014, Sharon Peters Real Estate, Inc., filed suit seeking possession of Goebel's home on Cazador Dr. in San Marcos.

4.06.  On May 7, 2014, Dr. Goebel filed a suit contesting title, docketed in the 274th District Court as 14-0878.

4.07.  On May 8, 2014, the Honorable Judge Hernandez dismissed the forcible detainer suit, finding that the title questions raised in the District Court suit were so intertwined as to deprive the justice court of lack of jurisdiction.[4]  Also on May 8, 2014, Sharon Peters Real Estate, Inc. filed a notice of appeal, wherein it stated "The Court set a bond amount of zero dollars ($0). Accordingly, Plaintiff has not filed a bond or made a cash deposit."  The Court in its May 8, 2014 order did not specifically set a bond

---

[4] *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.-- San Antonio 2001, pet. dism'd). ("If the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.")  *See also Rice v Pinney,* 51 S.W.3d 705, at 708- 709 (Tex. App.--Dallas 2001) ("Moreover, in an action for forcible detainer, "'he merits of the title shall not be adjudicated.' *TEX. R. CIV. P. 746.* Accordingly, notwithstanding its grant of general jurisdiction, a statutory county court has no jurisdiction to adjudicate title to real estate in a de novo trial following an appeal of a forcible detainer suit from justice court.")

amount at zero. The Justice Court in its initial order did not set a bond amount at all.[5]

4.08. Sharon Peters Real Estate, Inc. appealed its loss in the case to the County Court at Law. It did not file a bond until May 19, 2014, 11 days after the order of possession had been signed.

4.09. On September 18, 2014, the Honorable County Court Judge signed an order granting Sharon Peter's Real Estate's Traditional Motion for Summary Judgment.

4.010. On September 29, 2014, Dr. Goebel filed notice of Appeal with the County Court.

4.011. On October 6, 2014, the 3rd Court of Appeals sent notice to counsel for both sides that the court had assigned a cause number for the appeal – Court of Appeals Number: 03-14-00635-CV. On October 9, 2014, the Defendant paid the filing fee to the 3rd Court of Appeals.

4.012. After Dr. Goebel's appeal had been perfected by filing,[6] Defendant received a "Writ of Possession" on his door on October 20, 2014, setting the date of execution for October 22, 2014[7].

---

[5] On May 19, 2014, the ***justice court*** set the bond at $3,000.00. CR at 7 to 12
[6] "[A]n appeal is perfected when a written notice is filed with the trial court … [t]he filing of a notice of appeal invokes the appellate court's jurisdiction

4.013. On October 24, 2014, Dr. Goebel lost possession, following a hearing at the County Court at Law #2 seeking to recall the writ.

4.014.

## ARGUMENT & AUTHORITIES

**Sharon Peters Real Estate, Inc., failed to timely file an appeal bond from the Justice Court, and having failed to perfect its appeal, failed to vest jurisdiction in the County Court at Law.**

5.01.  Courts review subject matter jurisdiction *de novo* as a question of law. *See Gandy Nursery, Inc. v. U.S., 318 F.3d 631, 636 (5th Cir. 2003)* (citing *In re Canion, 196 F.3d 579, 584 (5th Cir.2002))*.  Examination of subject-matter jurisdiction is each federal court's first obligation.  In *Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 429 (5th Cir. 2002)*, the United States Fifth Circuit Court held:

> . . . as the Supreme Court has stated: "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. *This question the court is bound to ask and answer for itself, even when not otherwise suggested."*  (Emphasis added)

5.02.  *Hospitality House* cited *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) (internal quotations

over all parties to the trial court's judgment or order appealed from…." TEX. R. APP. PROC 25.1(a)-(b).
[7] CR at 462

and citation omitted) for the proposition, and *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 143 L. Ed. 2d 760, 119 S. Ct. 1563 (1999) ("Subject-matter delineations must be policed by the courts on their own initiative even at the highest level.").  Thus, "the Supreme Court has repeatedly affirmed that federal courts have an independent obligation to determine their own subject-matter jurisdiction." *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380 (5th Cir. 2014) (citing *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011); *Arbaugh, id.*; *Steel Co., id.*

5.03.  "[A]n appeal is perfected when a written notice is filed with the trial court … [t]he filing of a notice of appeal invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from…." TEX. R. APP. PROC 25.1(a)-(b).  The written notice of appeal was filed with the trial court on September 29, 2014.  *See* Attached Exhibit D, Notice of Appeal.

5.04. The County Court at Law lacked jurisdiction because no bond was timely paid from the justice court. Texas Rule of Civil Procedure 506.1(b) requires a losing plaintiff post a $500 appeal bond.

> TRCP 506 Appeal
>
> 506.1 Appeal. …
>
> (b) Amount of Bond; Sureties; Terms.  A plaintiff must file a $500 bond.  A defendant must pay a bond in an amount equal to twice the amount of the judgment.  The bond must be supported

by a surety or sureties approved by the judge. The bond must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.

5.05. No bond was posted by Sharon Peters Real Estate within the 5 day period set for file an appeal bond in eviction cases by Texas Rule of Civil Procedure 510.9 (a).[8]

5.06. TRCP 510. Eviction Cases

510.9 Appeal.

(a) How Taken; Time. A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 5 days after the judgment is signed.

5.07. These facts are uncontested. As a result, the County Court lacked jurisdiction to issue the attached order granting possession. "Failure to file [an eviction] appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is without jurisdiction to hear the case." *State v. Jones*, 220 S.W.3d 604, 607 (Tex. App.—Texarkana 2007, no pet.), citing *RCJ Liquidating Co. v. Village, Ltd.*, 670 S.W.2d 643, 644 (Tex. 1984). *Accord, Winrock Houston Assocs. Ltd. Partnership v. Bergstrom*, 879

---

[8] The order from the Justice Court was filed May 8, 2013, and the notice of appeal was also filed on May 8, 2013. The Notice contained an admission that no bond was paid with the filing of the notice. Bond in the amount of $3,000 was paid on or about May 19, 2014. CR at 7 to 12

S.W.2d 144, 150, 1994 Tex. App. LEXIS 1034, 15 (Tex. App. Houston 14th Dist. 1994), *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 2006 Tex. App. LEXIS 6907, 17 (Tex. App.--Houston [1ˢᵗ] Aug. 3, 2006; *Wetsel v. Ft. Worth Brake, Clutch & Equipment, Inc.*, 780 S.W.2d 952, 954 (Tex. App.--Fort Worth 1989); *Adams v. Ross*, 2013 Tex. App. LEXIS 2974, 6-7, 2013 WL 1183297 (Tex. App.--Houston [1ˢᵗ] Mar. 21, 2013), *Stegall v. Cameron*, 601 S.W.2d 771, 773, 1980 Tex. App. LEXIS 3536, 3-6 (Tex. Civ. App.--Dallas 1980).

5.08. Thereafter, a writ of possession could not lawfully be issued. TEXAS R. CIV. PRO. 510.8(d)(3): "A writ of possession must not issue is an appeal is perfected and, if applicable, rent is paid into the registry, as required by these rules." As there is no rental contract, there is no rent required by the rules. Payment of rent is only required in non-payment of rent appeals. Texas R. Civ. Pro. 510.9 (c) (5).

5.09. A writ was nonetheless issued thereafter, and was executed on October 24, 2014. SHARON PETERS REAL ESTATE, INC. took possession of 207 CAZADOR DRIVE SAN MARCOS, TX 78666 at that time.

5.010. As the writ issued in defiance of TEXAS R. CIV. PRO. 510.8(d)(3), the writ was unlawfully issued, and Michael Goebel is therefore entitled to a writ of re-entry under TEX. PROP. CODE § 92.009.

5.011. A forcible detainer is a procedure to determine the right to immediate possession of real property. *Dormady v. Dinero Land & Cattle Co.*, 61

S.W.3d 555, 557 (Tex. App. –San Antonio 2001, pet. dism'd w.o.j.). The forcible detainer cause of action was created to provide a speedy, simply, and inexpensive means to obtain possession without the necessity of a more expensive suit on the title. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818-819 (1936). The only issue in a forcible detainer action is which party has the right to immediate possession of the property; the merits of the title shall not be adjudicated *See* Tex. R. Civ. P. 746; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston[1st Dist.] 1995, writ denied). To prevail in such an action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). The justice courts and the county courts at law are only deprived of jurisdiction to adjudicate a forcible detainer action if the question of title is so intertwined with the issue of possession that possession may not be adjudicated without first determining title. *Mitchell*, 911 S.W.2d at 171.

5.012. Plaintiff's contention that Sharon Peters owns the property is factually and demonstrably incorrect. The District Court for Hays County Texas, the Hon. Bill Henry issued an order enjoining the sale of the disputed property nearly two hours prior to Nationstar purporting to conduct the enjoined

foreclosure. The sale was void *ab initio*.

5.013. Judge Henry's temporary restraining order was attached as Exhibit B[9] to Defendant's Response to Plaintiff's Motion for Summary Judgment. "A foreclosure sale made in violation of an injunction is void and transfers no title. The remedy for violation of an injunction preventing the sale of land is to set aside the sale." *O'Brian v. First State Bank*, 1996 Tex. App. LEXIS 4099 (Tex.App. – Austin 1996) (citing *Ford v. Emerich,* 343 S.W.2d 527, 531 (Tex. Civ. App.--Houston 1961, writ ref'd n.r.e.) (where trustee's deed is absolutely void, suit at law in trespass to try title may be maintained to recover land without setting deed aside). Nationstar's foreclosure sale of Dr. Goebel's homestead was made in violation of this injunction and was therefore void. No title was transferred.

5.014. Plaintiff's right to possession is tied to a dispute over the title to the property. From the moment the Defendant's Cash Bond was filed, Nationstar's foreclosure was void *ab initio* and any action subsequent thereto, i.e., Plaintiff's forcible detainer action on the disputed property is also void ab initio. See *Green Oaks, Ltd. v. Cannan*, 749 S.W.2d 128, 130 (Tex.App. – San Antonio 1987) "When a Texas court issues an order, the order must be obeyed, even if it was issued in a flagrantly erroneous

---

[9] CR at 261 to 263

manner."; *Missouri City v. Senior,* 583 S.W.2d 444, 446 (Tex.App. –

Houston [1st Dist] 1979).

5.015. Further, since rightful title is a condition precedent, there is no

tenancy at sufferance. The tenancy at sufferance language is conditioned

upon a valid (not void) foreclosure, and is conditional language in the deed

of trust. The condition precedent must be proved and cannot be proved

except by trying title.   A trustee's sale in violation of an injunction is void,

as though it never happened.[10]  Sharon Peters Real Estate, Inc. ignores the

fact that the landlord-tenant relation is only created by a *valid* foreclosure.

5.016. The Houston Court of Appeals, in *Chinyere v. Wells Fargo Bank,*

*N.A.*, discusses this issue at length, stating:

> Whether an existing title dispute in another court deprives the
> justice and county courts of jurisdiction to adjudicate
> possession in forcible-detainer actions generally turns on
> whether there is a basis--independent of the claimed right to
> title--for the plaintiff's claim of superior possession rights in the
> property.
>
> * * *
>
> Courts have consistently followed or distinguished
> *Mitchell* on the same basis. *Yarto, 287 S.W.3d at 89-90*

---

[10] Any sale in violation of a TRO is void.  *See Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014 Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014).  *See also Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130, 1987 Tex. App. LEXIS 9289, 5 (Tex. App. San Antonio 1987)

(concluding justice court lacked subject-matter jurisdiction in forcible-detainer action because determining who had a superior right of possession required immediate resolution of title dispute) *and Hopes v. Buckeye Ret. Co., LLC, No. 13-07-00058-CV, 2009 Tex. App. LEXIS 2244, 2009 WL 866794, at \*5 (Tex. App.--Corpus Christi, Apr. 2, 2009, no pet.)* ("Without a landlord-tenant relationship or other basis independent of the Community Improvements contract, the justice court could not determine the issue of immediate possession without determining ownership of the property.")

"We have examined both the Deed of Trust and the Substitute Trustee's [\*13] Deed in the underlying dispute and neither one contains language creating a landlord-tenant relationship. Moreover, Wells Fargo has not argued that there is any basis for its claimed possession rights other than the title rights it gained through the disputed foreclosure. Thus, in this case--unlike the *Morris, Bruce, Elwell, Rice* and *Dormady* cases cited above--there is no independent basis aside from Wells Fargo's claim that it has superior title rights. Rather, like in *Mitchell, Yarto*, and *Hopes*, Wells Fargo's claim to possession in the underlying proceedings rests solely on its claim to title. Accordingly, the lower courts "had no subject matter jurisdiction over the case." *Mitchell, 911 S.W.2d at 171.* We sustain appellant's first issue.

5.017. As in *Chinyere*, the justice court in this case properly ordered dismissal for want of jurisdiction in this forcible detainer action because title was inexorably intertwined with the issue of possession. Because subject-matter jurisdiction cannot be waived by the parties, any judgment on possession by this Court, without jurisdiction, would constitute an advisory opinion which is prohibited under the Texas Constitution.

5.018. The County Court made a fundamental jurisdictional error. Because the allegation is that the purported transfer of title is *void*, title is at issue in

this case, and the County Court lacks jurisdiction.[11] In responding to Plaintiff's motion for summary judgment, Defendant included proof of the basis of the title dispute: the District Court's temporary restraining order prohibiting Nationstar Mortgage from selling the disputed property (and Defendant's bond) issued a little less than two hours before the alleged sale Plaintiff relies on to seek possession of the property before this Court.

5.019. That TRO makes it abundantly clear that the Substitute Trustee's Deed is a *void* document, issued in violation of a lawful order by a Hays County District Court, and issued by the Hays County District Clerk, pursuant to a cash bond paid by Dr. Goebel.

> [A] question of title may be so intertwined with the issue of possession so as to preclude adjudication of the right to possession without first determining title. In such cases, neither the justice court nor the county court on appeal, has jurisdiction. ...
>
> Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible-detainer actions generally turns on

---

[11] *Yarbrough v. Household Fin. Corp. III,* 2015 Tex. App. LEXIS 212 (Tex. App.—Houston [14th]), delivered Jan. 15, 2015. ("Because the Yarbroughs contend the deed of trust and resulting substitute trustee's deed are void due to forgery, they have raised a genuine issue of title so intertwined with the issue of possession as to preclude jurisdiction in the justice court. A prerequisite to determining the immediate right to possession will be resolution of the Yarbroughs' title dispute concerning forgery of the deed of trust. Accordingly, the justice and county courts lacked jurisdiction.")

whether there is a basis--independent of the claimed right to title--for the plaintiff's claim of superior possession rights in the property.

*Chinyere v. Wells Fargo Bank, N.A.*, 2012 Tex. App. LEXIS 5678, (Tex.App. Houston [1st Dist.] July 12, 2012).

5.020. The basis for the forcible-detainer action is the alleged transfer of title. Therefore "neither the justice court, nor the county court on appeal, has jurisdiction." Since jurisdiction can be raised at any time, and proof of the Court's lack of jurisdiction is in the record, and the Court is constitutionally required to determine its jurisdiction in order to prevent rendering a constitutionally prohibited advisory opinion. Defendant respectfully requests this honorable Court to reverse the ruling of the county court.

5.021. The County Court at Law lacks jurisdiction because no bond was timely paid from the justice court. Texas Rule of Civil Procedure 506.1(b) requires a losing plaintiff post a $500 appeal bond. No bond was posted by Sharon Peters Real Estate within the 5 day period set for file an appeal bond in eviction cases by Texas Rule of Civil Procedure 510.9 (a). These facts are uncontested. As a result, the County Court lacked jurisdiction to issue the attached order granting possession. "Failure to file [an eviction] appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is without jurisdiction to hear the case." *State v. Jones*, 220 S.W.3d 604, 607 (Tex. App.—Texarkana 2007, no pet.), citing *RCJ*

*Liquidating Co. v. Village, Ltd.*, 670 S.W.2d 643, 644 (Tex. 1984). *Accord, Winrock Houston Assocs. Ltd. Partnership v. Bergstrom*, 879 S.W.2d 144, 150, 1994 Tex. App. LEXIS 1034, 15 (Tex. App. Houston 14th Dist. 1994), *Volume Millwork, Inc. v. W. Houston Airport Corp*., 2006 Tex. App. LEXIS 6907, 17 (Tex. App.--Houston [1st] Aug. 3, 2006; *Wetsel v. Ft. Worth Brake, Clutch & Equipment, Inc*., 780 S.W.2d 952, 954 (Tex. App.--Fort Worth 1989); *Adams v. Ross*, 2013 Tex. App. LEXIS 2974, 6-7, 2013 WL 1183297 (Tex. App.--Houston [1st] Mar. 21, 2013), *Stegall v. Cameron*, 601 S.W.2d 771, 773, 1980 Tex. App. LEXIS 3536, 3-6 (Tex. Civ. App.--Dallas 1980). 5.022. "In most situations, the parties in a forcible detainer suit are in a landlord-tenant relationship." *Yarto & DTRJ Invs., L.P. v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.-Corpus Christi 2009, no pet.). When that landlord-tenant relationship is lacking, and no evidence is presented of such a relationship, the case should be dismissed. *See Chinyere v. Wells Fargo Bank, N.A.*, No. 10-11-00304-CV, 2012 Tex. App. LEXIS 5678, at *12-13 (Tex. App.-Houston[1st Dist.] 2012, no pet.) (affirming dismissal on appeal when examination of the substitute trustee's deed, post-foreclosure, and the deed of trust did not evidence a landlord-tenant relationship). Here, no evidence has been presented of such a relationship.

**PRAYER**

Appellant Goebel respectfully request that, as the County Court at Law lacked jurisdiction, this Court reverse the judgment of the County Court at Law in all things and remand for further action consistent with its opinion.

RESPECTFULLY SUBMITTED,

_/s/ David Rogers_____
DAVID ROGERS
Law Office of David Rogers
State Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 (fax)
DARogers@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served upon counsel of record for Appellees on this 23rd day of February via this Court's online filing system.

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
**Attorney for the corporation, Sharon Peters Real Estate, Inc.**

_/s/__David Rogers_____

David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 2,486 words.

   /s/   *David Rogers*      
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No.  14-0385-C

APPENDIX OF APPELLANT

| Item 1 | Trial Court Judgment | CR at 408 |
| Item 2 | Notice of Appeal | CR at 412 to 415 |
| Item 3 | General Warranty Deed | CR at 299 to 300 |
| Item 4 | Temporary Restraining Order | CR at 344 to 348 |
| Item 5 | Justice Court Judgment | CR at 7 |
| Item 6 | Justice Court Notice of Appeal | CR at 8 to 9 |
| Item 7 | Justice Court's Notice of Bond Set | CR at 10 to 12 |
| Item 8 | Writ of Possession | CR at 462 |

No. 03-14-00635-CV

---

## IN THE THIRD COURT OF APPEALS OF TEXAS

---

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

---

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No.  14-0385-C**

---

### APPENDIX ITEM 1

---

Item 1        Trial Court Judgment                    CR at 408

CAUSE NO. 14-0385-C

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL LEONARD GOEBEL and | § | NUMBER ONE |
| ALL OTHER OCCUPANTS OF | § | |
| 207 CAZADOR DRIVE | § | |
| SAN MARCOS, TEXAS 78666, | § | |
| | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

COUNTY CLERK
HAYS COUNTY, TEXAS

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the ___ day of ___ Aug, 2014, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 207 Cazador Drive, San Marcos, Texas 78666.

IT IS THEREFORE ORDERED that the Plaintiff, SHARON PETERS REAL ESTATE, INC., recover from the Defendants MICHAEL LEONARD GOEBEL and ALL OTHER OCCUPANTS OF 207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666, as follows:

1.   Possession of the premises at 207 Cazador Drive, San Marcos, Texas 78666.
2.   Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $3,000.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this ___ day of ___, 2014

Honorable Judge Presiding
Hays County Court at Law

408

No. 03-14-00635-CV

---

# IN THE THIRD COURT OF APPEALS OF TEXAS

---

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

---

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No.  14-0385-C**

---

## APPENDIX ITEM 2

---

Item 2        Notice of Appeal                    CR at 412 to 415

CAUSE NO. 14-0385-C

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | COUNTY COURT AT LAW |
| Plaintiffs. | § | |
| | § | |
| v. | § | |
| | § | NUMBER 1 |
| MICHAEL LEONARD GOEBEL; and | § | |
| ALL OTHER OCCUPANTS, | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |
| | § | |

## DEFENDANT'S NOTICE OF APPEAL

Defendant MICHAEL LEONARD GOEBEL notices the Court that Defendant will appeal the Court's Order, signed and entered September 18, 2014.

### A. Introduction

1. Defendants are Michael Leonard Goebel and all other occupants of 207 Cazador Drive San Marcos, TX 78666.

2. Plaintiff is Sharon Peters Real Estate Inc.

3. This an appeal from the Justice of the Peace Court Precinct 1.

4. A de novo trial was held on the matter August 11, 2014.

5. This Court signed its Order on September 18, 2014. "Attachment 1"

### B. Facts

6. The Honorable Judge Rodriguez signed the judgment awarding possession of the property to Plaintiff on September 18, 2014.

7. Defendant desires to appeal and files this notice.

8. The appeal is taken to the Third Court of Appeals.

9. The appeal is filed within 30 days of the date the judgment was signed.

412

10.     No supersedeas bond was requested by the plaintiff or ordered by the court.


RESPECTFULLY SUBMITTED

LAW OFFICE OF DAVID ROGERS

WILSON LAW OFFICE, PLLC


__/s/ David Rogers_____
David Rogers
Texas Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746
DARogers@aol.com

__/s/ Matthew Wilson_____
Matthew L. Wilson
Texas Bar No. 24079588
1201 Spyglass Drive, Suite 100
Austin, TX 78746
MLWilsonLaw@gmail.com
(512) 923-1836 [Phone]
(512) 201-4082 [Fax]


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on September 29, 2014:


Dr. J. Hyde
THE J.  HYDE LAW OFFICE, PLLC
111 E. 17th Street #12015
Austin. Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com


__/s/ David Rogers_____
David Rogers

Attachment 1

## CAUSE NO. 14-0385-C

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MICHAEL LEONARD GOEBEL and | § | NUMBER ONE |
| ALL OTHER OCCUPANTS OF | § | |
| 207 CAZADOR DRIVE | § | |
| SAN MARCOS, TEXAS 78666, | § | |
| | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

On the ___ day of ___ Aug ___, 2014, came to be heard Plaintiff's Traditional Motion for Summary Judgment ("Motion"). Having heard the arguments of counsel and having reviewed the parties' briefing on the Motion and the record evidence, the Court finds that Plaintiff is entitled to summary judgment on its claim for forcible detainer, as Plaintiff has proven as a matter of law that it is entitled to immediate possession of the premises located at 207 Cazador Drive, San Marcos, Texas 78666.

IT IS THEREFORE ORDERED that the Plaintiff, SHARON PETERS REAL ESTATE, INC., recover from the Defendants MICHAEL LEONARD GOEBEL and ALL OTHER OCCUPANTS OF 207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666, as follows:

1.    Possession of the premises at 207 Cazador Drive, San Marcos, Texas 78666.
2.    Court costs.

It is FURTHER ORDERED that Plaintiff is entitled to a return of the cash appeal bond filed by Plaintiff in the amount of $3,000.00. The clerk's office is ordered to RELEASE this cash bond to Plaintiff. This is a FINAL JUDGMENT.

Signed this ___ day of ___, 2014

_____
Honorable Judge Presiding
Hays County Court at Law

415

No. 03-14-00635-CV

## IN THE THIRD COURT OF APPEALS OF TEXAS

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No. 14-0385-C**

## APPENDIX ITEM 3

Item 3      General Warranty Deed              CR at 299 to 300

# GENERAL WARRANTY DEED WITH VENDOR'S LIEN
## (WITH SUBORDINATE VENDOR'S LIEN)

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS· YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER

THE STATE OF TEXAS       )
                       )        KNOW ALL MEN BY THESE PRESENTS·

COUNTY OF **HAYS**        )

       THAT **KB HOME LONE STAR LP**

hereinafter called "GRANTOR" (whether one or more), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10 00) cash and other good and valuable consideration to GRANTOR in hand paid by, **MICHAEL L GOEBEL, A SINGLE PERSON**

whose mailing address is ▮▮▮▮▮▮▮▮▮▮▮▮▮      , **SAN MARCOS, TX 78666**     ,
hereinafter called "GRANTEE" (whether one or more), the receipt and sufficiency of which are hereby acknowledged, and for the further consideration of the sum paid to GRANTOR by **LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK**     , hereinafter called FIRST-LIEN BENEFICIARY, at the special instance and request of GRANTEE, the receipt and sufficiency of which sum, being in the amount of **$127,696 00** , is hereby acknowledged and confessed, and as evidence of such advancement, GRANTEE has executed GRANTEE'S note of even date herewith for such amount payable to the order of FIRST-LIEN BENEFICIARY, said note payable as provided therein; and the payment of said note is secured by a vendor's lien reserved herein and is additionally secured by a deed of trust of even date with said note, executed by GRANTEE to **Thomas E Black, Jr**     , TRUSTEE, reference to which deed of trust is hereby made for all purposes, and in consideration of the payment by FIRST-LIEN BENEFICIARY of the sum specified in said deed of trust, GRANTOR hereby transfers, sets over, assigns, and conveys unto FIRST-LIEN BENEFICIARY and its assigns a vendor's lien and superior title retained and reserved herein against the property and premises conveyed herein in the same manner and to the same extent as if said note had been executed in GRANTOR'S favor and assigned by GRANTOR to FIRST-LIEN BENEFICIARY without recourse, and GRANTOR has GRANTED, SOLD, and CONVEYED, and by these presents does GRANT, SELL, and CONVEY unto said GRANTEE, the following described property, to-wit

**LOT 4, BLOCK F, EL CAMINO REAL PHASE 1, SECTION ONE, AN SUBDIVISION IN HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 10, PAGE 371, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS**

URN TO
MO TITLE COMPANY
·)NEBRIDGE PLAZA II
00 NORTH MO PAC EXPRESSWAY
IITE 125
USTIN, TEXAS 78759-6507
·#___10 39505 - 28___

       TO HAVE AND TO HOLD the above-described premises, together with, all and singular, the rights and appurtenances thereunto in anywise belonging unto said GRANTEE and GRANTEE'S heirs and assigns forever GRANTOR does hereby bind GRANTOR and GRANTOR'S heirs, executors, and administrators to warrant and forever defend, all and singular, the said premises unto the said GRANTEE and GRANTEE'S heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

       Taxes of every nature for the current year have been prorated and are assumed by GRANTEE This conveyance is made subject to, all and singular, the restrictions, mineral reservations, royalties, easements, and covenants, if any, applicable to and enforceable against the above-described property as reflected by the records of the County Clerk of the aforesaid County.

       GRANTOR and GRANTEE also acknowledge the retention of a second, subordinate and separate vendor's lien, and GRANTOR hereby transfers the same to **LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK**     , hereafter called "SECOND-LIEN BENEFICIARY", which lien secures GRANTEE'S certain other note of even date to SECOND-LIEN BENEFICIARY in the amount of **$31,924.00**     , being further consideration paid to GRANTOR, as more particularly described in deed of trust of even date herewith to **THOMAS E. BLACK, JR.**     , TRUSTEE But it is expressly agreed and stipulated that the vendor's lien and superior title are retained in favor of the FIRST-LIEN BENEFICIARY and SECOND-LIEN BENEFICIARY, respectively, against the above described property, premises and improvements, until each of the above respective notes is fully paid according to its terms, when this deed shall become absolute

       When this deed is executed by more than one person, or when the GRANTOR or GRANTEE is more than one person, the instrument shall read as though pertinent verbs and pronouns were changed to correspond, and when executed by or to a corporation, the words "heirs, executors, and administrators" or "heirs and assigns" shall be construed to mean "successors and assigns "

---

**Page 1 of 2**

DATED this 4th        day of January, 2005

**KB HOME LONE STAR LP**

BY: *Pam Mills*
<u>By KBSA, Inc , a Texas</u>
NAME: <u>Corporation, as General Partner, by</u>
<u>Pam Mills, Assistant Secretary</u>
TITLE:

THE STATE OF TEXAS              )                                           (Acknowledgment)
COUNTY OF   TX                     )

This instrument was acknowledged before me on the ____5th____ day of ___January_____ , __2005____ ,
by  Pam Mills

_____
My commission expires              Notary Public, State of  TX
                                   Printed Name·

THE STATE OF TEXAS              )                                           (Acknowledgment)
COUNTY OF                          )

This instrument was acknowledged before me on the _____ day of _____ , _____ ,
by

_____
My commission expires              Notary Public, State of
                                   Printed Name:

THE STATE OF TEXAS              )                                           (Acknowledgment)
COUNTY OF                          )

This instrument was acknowledged before me on the _____ day of _____ , _____ ,
by

_____
My commission expires              Notary Public, State of
                                   Printed Name

THE STATE OF TEXAS              )                                           (Acknowledgment)
COUNTY OF                          )

This instrument was acknowledged before me on the _____ day of _____ , _____ ,
by

_____
My commission expires              Notary Public, State of
                                   Printed Name

THE STATE OF TEXAS              )                          (Corporate/Entity Acknowledgment)
COUNTY OF                          )

This instrument was acknowledged before me on the _____ day of _____ , _____ ,
by
of
a _____ , on behalf of said _____ .

Filed for Record in:
Hays County
On: Jan 10,2005  at  12:02P

_____
My commission expires              Notary Public, State of    05000660
                                   Printed Name     16.00
                                                    er - 116412
                                                    By:
                                   Rebecca Hall, Deputy
                                   Lee Carlisle, County Clerk
                                   Hays County

AFTER RECORDING RETURN TO:
MICHAEL L GOEBEL
207 CAZADOR DRIVE
SAN MARCOS, TX 78666

Re.    207 CAZADOR DRIVE, SAN MARCOS, TX 78666

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No.  14-0385-C

APPENDIX ITEM 4

Item 4        Temporary Restraining Order          CR at 344 to 348

NO. 13 - 1882          FILED

2013 SEP -3  AM 11: 32

*Beverly C. ...ley*

. ... ...s

MICHAEL LEONARD GOEBEL                    §

     PETITIONER                                    §

                               §

        V                                                   §

NATIONSTAR MORTGAGE, LLC                   §          IN THE DISTRICT COURT OF

     RESPONDENT                                  §          HAYS COUNTY, TEXAS

                               §          207TH JUDICIAL DISTRICT

        And                                              §

DAVID C. HISEY, an individual; and        §

   DAVID C. HISEY, SUCCESSORS           §

DBA NATIONSTAR MORTGAGE, LLC   §

(1-100) DBA UNKNOWN                          §

## ORDER

HAVING CONSIDERED Petitioner's MOTION FOR INJUNCTIVE RELIEF,

and finding good cause for said motion, it is hereby

ORDERED that it is granted that a CEASE AND DESIST TEMPORARY

RESTRAINING ORDER [TRO] take effect for a period of sixty (60) days from the *2⁴*

date of the signing of the ORDER, *as leaving the real property and commiss irrepable damage 2*

SIGNED on this ___3___ of September, 2013 *at  11:22 a. m.*

                                                _____

                                                Judge Presiding

*\* a bond is set for 200 payable monthly, Court date is*
*set for September 16, 2013 @ 9:00 A. M.*

344

## AFFIDAVIT

FILED

2013 SEP -3 AM 11: 06

County Clerk

AFFIANT is a legal resident of Hays County, Texas, is of legal age, sound mind, and under no threat, does freely of his own will affirm these statements to be true and correct:

As presented in

## EX-PARTE MOTION AND ORDER FOR INJUNCTIVE RELIEF

## CEASE AND DESIST TEMPORARY RESTRAINING ORDER

Cause 13-1882 filed in the 207th Judicial District Court in Hays County, Texas.

A Foreclosure sale is set for Tuesday, September 3, 2013.

Affiant affirms that such sale will cause Affiant immediate, irreparable harm to Affiant's interest in real property, resulting from such sale should it occur.

Affiant affirms that the restraining order is absolutely necessary to prevent such damage.

Dated 9-3-2013

Michael Leonard Goebel,
Affiant

Acknowledgment of Individual

STATE OF TEXAS

COUNTY OF HAYS

This instrument was acknowledged before me on Sept 3, 2013 (date) by Rory An Broze.

Notary Public:

ANDREA Soto
Printed Name

ANDREA R. SOTO
Notary Public, State of Texas
My Commission Expires
June 27, 2014

My Commission Expires: 6-27-14

345

No. 13-1882

FILED

2013 SEP -3  AM 11: 53

Michael Leonard Giebel

§
§

VS.

§
§

Nationstar Mortgage, LLC, et al

§

IN THE DISTRICT COURT

HAYS COUNTY, TEXAS

207 JUDICIAL DISTRICT

**CASH BOND**
(Rule 684 TRCP)

KNOW ALL MEN BY THESE PRESENTS, THAT I, Michael Leonard Giebel,
having this day deposited into the registry of the Court, a cash bond in lieu of sureties in the amount
of $ 200  do hereby acknowledge ourselves bound to pay to 207th Judicial District Clerk
Nationstar Mortgage, LLC
the sum of $ 200.00 _____ Dollars
conditioned that Michael Leonard Giebel _____ will abide by the decisions which may be
made in the above styled and numbered cause, and that I/we will pay all sums of money and costs
that may be adjudged against me/us if the Temporary Restraining Order issued in the aforesaid
cause on the 3 day of September 2013 enjoining Nationstar Mortgage, LLC _____ shall be
dissolved in whole or part.

WITNESS our hand this the 3 day of September 20 13

_____
Principal

APPROVED this the 3 day of September 20 13

_Beverly Crumley_
BEVERLY CRUMLEY
District Clerk
Hays County, Texas

By K, ___ _____

346

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationstar Mortgage LLC
350 Highland Drive
Lewisville TX 75067

**75067**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Nationstar Mail Room  ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

SEP 1 2 2013

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

Date: _____

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7013 0600 0002 1597 2540

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

LEWISVILLE TX 75067

| | | |
|---|---|---|
| Postage | $1.12 | 0466 |
| Certified Fee | $3.10 | 02    Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.55 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $6.77 | 09/03/2013 |

Sent To Nationstar Mortgage LLC
Street, Apt. No.; or PO Box No. 350 Highland Drive
City, State, ZIP+4 Lewisville, TX 75067

PS Form 3800, August 2006   See Reverse for Instructions

SENDER:
Michael Leonard Goebel
█████████ Drive
San Marcos, TX 78666-6864

RECIPIENT:
McCarthy, Holthus, and Ackermann, LLP
In care of Melissa McKinney

Date: 9/5/2013

FAX contains 3 pages following:

1) Recorded, signed TRO
2) Recorded Affidavit
3) Recorded Cash Bond
4) Certificate of Service (of posting these in the mail on Tuesday afternoon)

Please direct any questions regarding this FAX by means of telephone: 210-834-0918

Sincerely,
Michael Leonard Goebel

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No.  14-0385-C

APPENDIX ITEM 5

Item 5        Justice Court Judgment                CR at 7

No. F14-081J12

SHARON PETERS

vs.

MICHAEL LEONARD
GOEBEL

IN THE JUSTICE COURT
JUSTICE OF THE PEACE
PRECINCT 1, PLACE 2

HAYS COUNTY, TX

## ORDER OF DISMISSAL

On this date came to be heard the motion to dismiss the above-entitled and numbered cause for the following reason(s):

( ) Plaintiff no longer intends to prosecute this case.

( ) Plaintiff and Defendant have reached an agreement regarding the matters in controversy.

(X ) Other:  Dismissed due to lack of jurisdiction.

It appears to the Court that the reason(s) stated are good and sufficient to authorize such dismissal.

IT IS, THEREFORE, ORDERED that the above reference action be and it is hereby DISMISSED WITHOUT PREJUDICE to Plaintiff's right to refile same, that it is removed from the Docket of the Court, and that all costs of Court expended in this cause are adjudged against the party by whom incurred.

SIGNED on this the 8th day of May, 2014.


Margie H. Hernandez
Justice of the Peace Precinct 1, Place 2

7

No. 03-14-00635-CV

---

IN THE THIRD COURT OF APPEALS OF TEXAS

---

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

---

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No. 14-0385-C

---

APPENDIX ITEM 6

---

Item 6      Justice Court Notice of Appeal      CR at 8 to 9

FILED
5/8/2014 11:16:01 PM
Margie H. Hernandez
Justice of the Peace
Precinct 1, Place 2
Hays County, Texas

**CAUSE NO. F14-081J12**

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | IN THE JUSTICE COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT 1, PLACE 2 |
| | § | |
| MICHAEL LEONARD GOEBEL and | § | |
| ALL OTHER OCCUPANTS, | § | |
| | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF APPEAL AND BOND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff SHARON PETERS REAL ESTATE, INC., and files this Notice of Appeal of the final Order of Dismissal signed by the Honorable Margie H. Hernandez on 8 May 2014 in this forcible detainer action. Plaintiff wishes to appeal this judgment to the county court at law pursuant to Rule 510.9 of the Texas Rules of Civil Procedure.

The Court set a bond amount of zero dollars ($0). Accordingly, Plaintiff has not filed a bond or made a cash deposit. Plaintiff remains ready and willing to do so in the event the bond amount is increased. Said Plaintiff, the Appellant, shall prosecute its appeal with effect, and shall pay off and satisfy any judgment that may be rendered against it on appeal.

This notice of appeal is being filed within five days of the entry of the final Order of Dismissal.

Respectfully Submitted,

*/s/ J. Hyde*

---

Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Plaintiff/Appellant*

8

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 21a of the Texas Rules of Civil Procedure, on this 8th day of May, 2014, a true and correct copy of the foregoing has been served upon all parties of record via e-service or facsimile:

David Rogers
1201 Spyglass Rd., Ste. 100
Austin, TX 78746
Fax: (512) 201-4082

/s/ J. Hyde

Dr. J. Hyde

2

No. 03-14-00635-CV

---

IN THE THIRD COURT OF APPEALS OF TEXAS

---

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

---

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No.  14-0385-C

---

APPENDIX ITEM 7

---

Item 7        Justice Court's Notice of Bond Set        CR at 10 to 12

FILED
JUSTICE OF THE PEACE PCT 1 PL 2

MAY 12 2014

HAYS COUNTY GOVERNMENT CENTER
SAN MARCOS, TEXAS



CAUSE NO. F14-081J12

| | | |
|---|---|---|
| SHARON PETERS REAL ESTATE, INC., | § | IN THE JUSTICE COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT 1, PLACE 2 |
| | § | |
| MICHAEL LEONARD GOEBEL and | § | |
| ALL OTHER OCCUPANTS, | § | |
| | § | |
| Defendants. | § | HAYS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF APPEAL AND BOND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff SHARON PETERS REAL ESTATE, INC., and files this Notice of Appeal of the final Order of Dismissal signed by the Honorable Margie H. Hernandez on 8 May 2014 in this forcible detainer action. Plaintiff wishes to appeal this judgment to the county court at law pursuant to Rule 510.9 of the Texas Rules of Civil Procedure.

The Court set a bond amount of zero dollars ($0). Accordingly, Plaintiff has not filed a bond or made a cash deposit. Plaintiff remains ready and willing to do so in the event the bond amount is increased. Said Plaintiff, the Appellant, shall prosecute its appeal with effect, and shall pay off and satisfy any judgment that may be rendered against it on appeal.

This notice of appeal is being filed within five days of the entry of the final Order of Dismissal.

Respectfully Submitted,

/s/ J. Hyde .

Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Plaintiff/Appellant*

10

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 21a of the Texas Rules of Civil Procedure, on this 8th day of May, 2014, a true and correct copy of the foregoing has been served upon all parties of record via e-service or facsimile:

David Rogers
1201 Spyglass Rd., Ste. 100
Austin, TX 78746
Fax: (512) 201-4082

/s/ J. Hyde
_____
Dr. J. Hyde

2



# Margie H. Hernandez
*Justice of the Peace*
*Precinct One, Place Two*

Hays County Government Center · 712 S. Stagecoach Trail Ste. 2235 · San Marcos, Texas 78666 · 512/393-7636 · Fax 512/393-7641

May 19, 2014

Dr. J Hyde
The J. Hyde Law Office, PLLC
111 E. 17th Street No. 12015
Austin, Texas 78711
Via fax: (512) 582-8295

Dear Mr. Hyde,

After reviewing your Notice of Appeal and Bond, I am setting the cash and/or surety bond at $3,000.00. Your office will have ten days to post the bond.

Sincerely,

Margie H. Hernandez
Justice of the Peace
Precinct 1, Place 2

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

Michael Leonard Goebel and all other occupants of 207 Cazador Drive
Appellant

v.

Sharon Peters Real Estate, Inc.
Appellees

Appeal from the County Court at Law 2 Hays County, Texas
Trial Court No. 14-0385-C

APPENDIX ITEM 8

Item 8       Writ of Possession                    CR at 462

Cause 14-0385-C

FILED
2014 OCT 29 PM 2: 10
Liz Q. Gonzalez
County Clerk
Hays County

ORIGINAL

STATE OF TEXAS
COUNTY OF HAYS

COUNTY COURT AT LAW

### WRIT OF POSSESSION

## TO ANY SHERIFF OR ANY CONSTABLE WITHIN THE STATE OF TEXAS, GREETINGS:

Whereas, on **09/18/2014**, Plaintiff (referred to as the landlord), recovered a judgment against , **AND ALL OTHER OCCUPANTS** Defendant (referred to as the tenant) entitling Plaintiff to possession of the property described as follows, TO-WIT:          **207 Cazador Drive**
**San Marcos TX  78666**
**(PROPERTY DESCRIPTION)**
**THEREOF RECORDED IN VOLUME 11 PAGE 206, HAYS COUNTY PLAT RECORDS)**
**YOU ARE THEREFORE COMMANDED TO:**

1. Post a written warning of at least 8 ½ by 11 inches on the exterior of the front door of the rental unit notifying the tenant that the writ has been issued and that the writ will be executed on or after a specific date and time stated n the warning not sooner than 24 hours after the warning is posted.
2. After the warning period has expired, enter such premises and deliver possession thereof to the landlord
3. Instruct the tenants and all persons claiming under the tenant to leave the premises immediately, and if the persons fail to comply, physically remove them
4. Instruct the tenants to remove or to allow the landlord, the landlord's representatives, or other persons acting under the officer's supervision to remove all personal property from the rental unit other than personal property claimed to be owned by the landlord.
5. Place, or have an authorized person place, the removed personal property outside the rental unit at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting, or snowing.

**YOU ARE HEREBY AUTHORIZED, AT YOUR DISCRETION, TO:**

6. Engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the landlord or the officer executing the writ.

Under Section 7.003, Civil Practice and Remedies Code, the officer is not liable for damages resulting from the execution of the writ if the officer executes the writ in good faith and with reasonable diligence.

**WITNESS MY HAND** and the seal of said Court hereto affixed, at Office in **San Marcos, Hays** County, Texas, on this the 17th day of October 2014.

LIZ Q. GONZALEZ, COUNTY CLERK
HAYS COUNTY, TEXAS
BY: _Roxanne_ _____ Deputy

**Requested by:**
**Sharon Peters Real Estate Inc., 603 Mustang  Ln, San Marcos TX 78666**
*********************************************************************************

### OFFICER'S RETURN

Came on hand on the _17_ day of _October_, A.D. 20_14_ at _10.27_ o'clock _A_M., and executed on the _24_ day of _October_, A.D. 201_4_ at _4:38_ o'clock _p_ M. by serving _Michael Goebel_ the person named in this Writ, at _207 Cazador Drive_ in Hays County, Texas. Action taken under authority of the Writ was as follows: _by removing personal property, changing locks returning premises to home owner._

FEES: Executing and
            Returning Writ = $_____

**Constable David L. Peterson**

By _Sandy Rigas_
_#806_

## Constable Pct. 1
## Hays County, Texas