### SPEED v. SAWYER.
### No. 4498.

Court of Civil Appeals of Texas. Amarillo.
Nov. 11, 1935.

Nelson & Smith, of Tahoka, for appellant.

L. C. Heath, of Brownfield, for appellee.

HALL, Chief Justice.

Sawyer instituted this proceeding in the justice's court of Terry county for forcible entry and detainer against T. M. Speed, praying for the possession of certain premises, and joined therewith his action for rent in the sum of $120.

The case was tried to a jury and resulted in a judgment in favor of Sawyer for rents due him in the sum of $120, and in favor of Speed upon the issue of forcible entry and detainer. Speed gave notice of appeal to the county court of Terry county and filed his bond in due time. Sawyer did not appeal from that part of the judgment in the justice's court, denying him the right to recover in forcible entry and detainer. In due time a transcript and proceedings in the justice's court were filed with the county clerk of Terry county. At the first term of the county court thereafter, Sawyer filed his motion to dismiss the appeal upon the ground that the county court had no jurisdiction to try the cause for the reason that no appeal bond was filed by appellant Speed with the justice of the peace within five days after the rendition of the judgment, as is required by the statute (Rev.St. art. 3987). The court heard the motion and dismissed the appeal. From this order, the appellant Speed brings the case to this court.

The contention of appellant Speed is that the appeal from the judgment against him for rents automatically transferred to the county court the entire case, including the judgment upon the issue of forcible entry and detainer. This contention must be sustained. Const. art. 5, § 16, provides that an appeal from the justice's to the county court, cases shall be tried de novo. This provision of the Constitution is incorporated in R.S. art. 2178. As said by Judge Speer in Ingraham v. Rudolph, 55 Tex.Civ.

App. 609, 119 S.W. 906, 907: "It has long been the settled doctrine in this state that, on appeal to the county court from the justice's court, the trial is de novo, the effect of such appeal being to annul the judgment of the justice's court, and it has equally long been the rule that an appeal by any party against whom the judgment was rendered annuls the judgment in its entirety. Moore v. Jordan, 65 Tex. 395."

Since the effect of the appeal is to annul the judgment in its entirety, an appeal by one of the parties, even in a case where there is a cross-action as in this case, renders the entire judgment in the justice's court a nullity. Although bond was not filed within the five days required by statute in which to transfer that branch of the case to the county court, the fact that the appeal of one party annuls the entire proceeding in the justice's court has the effect of transferring the whole controversy as to all issues and parties; otherwise there could not be a trial de novo. Birmingham v. Shamrock Motor Co. (Tex.Civ.App.) 75 S.W.(2d) 297; Harper v. Dawson (Tex.Civ.App.) 167 S.W. 311; Martin v. Butner, 54 Tex.Civ.App. 223, 117 S.W. 442; Lasater v. Streetman (Tex.Civ.App.) 154 S.W. 657.

The judgment is reversed, and the cause remanded.