**RAGSDALE v. WARD, Judge, et al.**

**No. 4324.**

Court of Civil Appeals of Texas. El Paso.

June 10, 1943.

A. L. Carlton, of El Paso, for petitioner.

Ernest Guinn, of El Paso, for appellee Bartlett.

C. M. Wilchar and Tom Lea, both of El Paso, for amicus curiae.

SUTTON, Justice.

This is an original mandamus proceeding.

The relator, R. O. Barr, as guardian for J. E. Ragsdale, seeks a writ of mandamus against M. V. Ward, as Judge of the County Court at Law of El Paso County, to compel the reinstatement of an appeal by relator from the Justice Court.

The relator filed suit in the Justice Court of El Paso County in a forcible entry and detainer proceeding against Mrs. Leland D. Bartlett et al. to recover the possession of certain rent property and joined therewith a suit for rents claimed to be due in the sum of $62.50. The suit was tried in the Justice Court to a jury. The verdict was, the defendants in such suit were not guilty of forcible entry and detainer, but for the

sum of $30 for rents. From that judgment the plaintiff, who is relator here, undertook to appeal to the County Court at Law, aforesaid, without posting an appeal bond. The County Court dismissed the appeal and the purpose of this proceeding is to secure a reinstatement of that appeal.

Forcible entry and detainer is a special proceeding, and as such is governed by the provisions of law specifically applicable thereto. 19 Tex.Jur. p. 764, par. 6, and authorities. See, also, Vinson v. McPherson, Tex.Civ.App., 54 S.W.2d 829, and Ringgold v. Graham, Tex.Com.App., 13 S. W.2d 355. This being a statutory proceeding, it is essential the special provisions be looked to and followed, and as provided in Art. 3987, now Rule 749, T.R.C.P., either party who desires to appeal from a judgment in such case must give the appeal bond there provided for. We construe that to be the holding in the two cases cited above. It is sufficient to say the bond must be given because the law in such cases so provides.

It is contended here relator is relieved of the necessity of giving the appeal bond because of the provisions of Art. 2276, R.C.S. The answer to this contention has already been given. This special proceeding is governed by the specific provision of law found in Rule 749, supra. Furthermore, Art. 2276 is applicable to appeals from trial courts to courts of civil appeals, as is evident from the provision itself, and has so been held. Jones v. Gibbs, 133 Tex. 627, 131 S.W.2d 957.

It is also contended Rule 749 applies only to the defendant in a forcible entry and detainer case, because such intention is to be gathered from Rule 750, which prescribes the form of the bond and therein the defendant is named as the obligor and the plaintiff the obligee. Of course, the answer is that had the Legislature intended in case of appeal the defendant only should be required to give the bond, it would have said so in the previous article, and would not have used the terms "either party." Again, Rule 750 merely sets out a guide for the form of a bond on such appeal, which may be varied to suit the situation.

It is further said the appeal bond is not required because a claim for rent may be joined with the suit for forcible entry and detainer under the provisions of Rule 738, and is argued if the appeal was from a judgment denying a recovery of the rent only, under the rule of decisions under Art. 2456, K.C.S. (now Rule 571, R.C.P) the bond would not be necessary. This has likewise already been answered. The suit for rent, within the jurisdiction of the Justice Court, is optional with the plaintiff in such cases and when joined, we think, becomes a part of the main suit of forcible entry and detainer and is incidental thereto and does not change the nature of the proceeding. Furthermore, the appeal would have the effect of taking up the entire case. Speed v. Sawyer, Tex.Civ. App., 88 S.W.2d 556, and cases there cited.

The County Court at Law was not in error and the writ is accordingly denied.

WALTHALL, J., not participating.