Ann STEGALL, Appellant,

v.

Bill R. CAMERON and Raymond B. Cameron, Appellees.

No. 20227.

Court of Civil Appeals of Texas, Dallas.

June 2, 1980.

Rehearing Denied July 22, 1980.

James F. Bowen, Bowen & Burns, Garland, for appellant.

Paul W. Brown, Branch & Brown, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

In this forcible detainer suit, the tenant attempted to appeal from a judgment of the justice of the peace in favor of the landlord for rent and for possession of the property, but the county court dismissed the appeal because the tenant did not file her appeal bond within the five days prescribed by Rule 749, Texas Rules of Civil Procedure, for appeals in forcible detainer cases. The tenant appeals to this court, contending that her appeal to the county court was timely because the bond was filed within the ten days prescribed by Rule 571, Texas Rules of Civil Procedure, for appeals from the justice court in other cases. We hold that the five-day requirement of Rule 749 governs. Consequently, we affirm the dismissal.

The tenant argues that whenever the judgment of the justice court concerns a claim for rent as well as possession, the general rules governing appeals apply rather than the special rules governing forcible detainer cases. In support of this argument, she cites *Speed v. Sawyer*, 88 S.W.2d 556 (Tex.Civ.App.—Amarillo 1935, no writ). The landlord insists that the special rules governing forcible detainer cases apply because the claim for rent is incidental to the forcible detainer claim, citing *Ragsdale v. Ward*, 173 S.W.2d 765 (Tex.Civ.App.—El Paso 1943, no writ).

Although the facts in *Ragsdale* differed from those in *Speed*, and both differed from the present case, both *Ragsdale* and *Speed* dealt with the question of applicability of the general rules governing appeals from the justice courts to appeals from judgments allowing recovery of rents in forcible detainer cases, and in our view, the two opinions cannot be reconciled. In *Ragsdale*, the landlord attempted to appeal without a bond from a judgment denying him possession and allowing recovery of only $30 as rent. Under Rule 571 as it then stood, an unsuccessful plaintiff in an ordinary appeal from the justice court could appeal without a bond, but Rule 749 provided then, as now, that an appeal in a forcible detainer case required a bond to be filed within five days

after the judgment to secure damages and costs. The county court dismissed the appeal, and the landlord sought a writ of mandamus, which was denied on the ground that the county court correctly applied the bond requirement of Rule 749 rather than the general provisions of Rule 571. The court said that a suit for rent is optional with the landlord, but, when joined with a claim for possession, becomes a part of and is incidental to the main suit without affecting the nature of the forcible detainer proceeding, which is a special proceeding governed by the specific provision of Rule 749.

In *Speed,* the tenant appealed from a judgment against him for rent but denying the landlord's claim for possession. The tenant filed his bond within ten days, but not within the five days required by the forcible detainer statute then in force, the predecessor of Rule 749. The county court dismissed the appeal, but the court of civil appeals reversed, holding without discussion that the ten-day requirement provided by the statute governing appeals from justice courts generally applied. The court seemed concerned primarily with whether the tenant's appeal also transferred to the county court the judgment denying possession, which the landlord had not appealed. The court held that since the appeal had the effect of nullifying the judgment in its entirety, the whole controversy as to all issues and parties was transferred to the county court for trial de novo.

 We find no basis in the rules for the holding in *Speed* that the general provision for appeals apply to a forcible detainer case when a judgment for rent is involved. We conclude that the better reasoning supports the *Ragsdale* holding that a forcible detainer suit is a special proceeding, to which the claim for rent is incidental, and to which Rule 749 and the other special rules governing forcible detainer cases apply. Consequently, we hold that the county court properly dismissed the appeal for lack of jurisdiction.

Alternatively, the tenant contends that the record fails to show that she failed to file her bond within the five days required by Rule 749. She points out that Rule 557 requires the justice to announce his decision in open court and note it in his docket, and asserts that the present record fails to show that these requirements were met. The tenant argues, consequently, that the record fails to show when the judgment became final, and, therefore, the county court could not properly dismiss the appeal for late filing of the bond.

 This argument is untenable for several reasons. If the record fails to show that the judgment ever became final, the county court never acquired jurisdiction and properly dismissed the appeal. Jurisdiction of the appellate court is never presumed. Consequently, if the record fails to show jurisdiction affirmatively, the appellate court must dismiss. *Harmon v. Miller,* 530 S.W.2d 173 (Tex.Civ.App.—Tyler 1975, no writ). This rule applies to appeals from the justice court to the county court. *Cotten v. Bier,* 169 S.W.2d 502, 503 (Tex.Civ. App.—Amarillo 1943, no writ).

 The record in this case does not affirmatively show the county court's jurisdiction. The record does not show the date the judgment was signed. If we accept November 22, the recited date of entry, as the date from which the time began to run, the record fails to show that the bond was filed within five days. The bond does not show what date it was filed. Above the signatures appears the recital, "Witness our hands this 30th day of November, 1978." Unless this date is erroneous, we can hardly assume that the bond was filed and approved by the justice within five days from November 22.

 The tenant relies on a "nunc pro tunc order," which appears to have been signed by the justice on July 27, 1979. The meaning of this document is not clear. It does not undertake to correct or make any change in the judgment. It merely recites, "Be it remembered that I have accepted for filing the above numbered and captioned cause Defendant's . . . Appeal Bond signed by the principal and surety on November 30, 1978 nunc pro tunc prior to November 27, 1978." The tenant suggests

that this language means that the bond was filed with the justice within five days from November 22, although it was not signed until November 30. Even if we should accept the interpretation that the justice accepted the bond before it was signed, the document is nothing more than an ex parte statement by the judge, which is not competent as proof of a fact necessary to appellate jurisdiction. *See Burrell v. Cornelius*, 570 S.W.2d 382 (Tex.1978) (date of signing of judgment could not be shown by certificate of trial judge). Consequently, we hold that the county court properly dismissed the appeal for lack of jurisdiction.

The tenant argues that November 22, 1978, was the Wednesday before Thanksgiving, and that the rules should not be construed to require filing of the bond by the following Monday, particularly in the absence of any showing that the judgment was announced in open court, as required by Rule 557. We cannot disregard the clear requirements of the rules. We recognize that difficulties may arise if the judge does not specify the date of signing or if the losing party is not notified promptly. Any provision defining the time for appeal will cause difficulty and perhaps injustice if the rules are not followed. Consequently, any departure from the rules as written would only lead to further uncertainty.

Affirmed.