ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 8, 2003

The Honorable José R. Rodríguez
El Paso County Attorney
County Courthouse
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0112

Re: Whether a private process server may serve citation in a forcible entry and detainer suit (RQ-0052-GA)

Dear Mr. Rodríguez:

You ask "whether a private process server may serve process in a forcible entry and detainer suit."[1]

## I. Legal Background: Eviction Suit Statutes and Rules

Chapter 24 of the Property Code provides for both forcible entry and detainer suits and forcible detainer suits, which it refers to collectively as "eviction suits." *See* TEX. PROP. CODE ANN. §§ 24.001 (Vernon 2000) (elements of forcible entry and detainer), 24.002 (elements of forcible detainer), 24.004 ("Eviction suits include forcible entry and detainer and forcible detainer suits."). "A justice court in the precinct in which the real property is located has jurisdiction in eviction suits." *Id.* § 24.004. Each type of suit is a procedure to determine the right to immediate possession of real property. *See id.* § 24.0061(a) ("A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession."). They are intended to afford a summary, speedy, and inexpensive means to obtain possession without resort to an action upon the title. *See Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936); *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.–Dallas 2001, no pet.).

An eviction action "is a special proceeding and as such is governed by . . . special statutes and rules." *Haginas v. Malbis Mem'l Found.*, 354 S.W.2d 368, 371 (Tex. 1962). Those special statutes and rules include chapter 24 of the Property Code, *see* TEX. PROP. CODE ANN. §§ 24.001-24.011 (Vernon 2000), and rules 738 through 755 of the Texas Rules of Civil Procedure, *see* TEX. R. CIV. P. 738-755 (Part VII, "Rules Relating to Special Proceedings," Section 3, "Forcible Entry and Detainer"). These rules of procedure are distinct from both the rules governing district and county courts, *see* TEX. R. CIV. P. 15-329b (Part II, "Rules of Practice in District and County Courts"), and the rules governing actions in justice courts generally, *see* TEX. R. CIV. P. 523-591 (Part V, "Rules of Practice in Justice Courts").

---

[1] Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1(May 1, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

A plaintiff initiates either type of eviction action by filing a written sworn complaint in justice court that describes the property at issue and the factual basis for the action under chapter 24 of the Property Code. *See* TEX. R. CIV. P. 739, 741. Thereafter, the justice of the peace "shall immediately issue citation directed to the defendant or defendants commanding him to appear before such justice at a time and place named in such citation." TEX. R. CIV. P. 739. Service of citations is prescribed by rules 742 and 742a. By contrast, rules 103 through 116 govern service of process in district and county courts while rules 536 and 536a govern service of process in justice court actions generally. On an appeal of judgments for possession in eviction suits, courts require strict compliance with rules 742 and 742a. *See Winrock Houston Assocs. Ltd. P'ship v. Bergstrom*, 879 S.W.2d 144, 151 (Tex. App.–Houston [14th Dist.] 1994, no writ) ("[T]he requirements of Rule 742a for substituted service by delivery to the premises were not strictly complied with, and appellee was not properly served with citation. A default judgment entered following substituted service is void where there has not been strict compliance with the rules relating to service of citation."); *Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 124 (Tex. Civ. App.–Dallas 1958, writ ref'd n.r.e.) ("the Justice Court judgment was fatally defective because of a lack of proper service of citation" under rule 742).

## II.   Analysis

On behalf of your county's justices of the peace and constables, you ask whether "a private process server may serve process in a forcible entry and detainer suit." Request Letter, *supra*, note 1, at 1. No statute governs who may serve process in an eviction action. We have not located any judicial or attorney general opinion addressing this issue, and it appears to be a question of first impression.

Rules 742 and 742a, the special rules for service of process in eviction actions, provide for service of a citation by "an officer." Rule 742 provides:

> The *officer* receiving such citation shall execute the same by delivering a copy of it to the defendant, or by leaving a copy thereof with some person over the age of sixteen years, at his usual place of abode, at least six days before the return day thereof; and on or before · the day assigned for trial he shall return such citation, with his action written thereon, to the justice who issued the same.

TEX. R. CIV. P. 742 (emphasis added). Rule 742a provides an alternate method for service, which may be used if the sworn complaint contains information about the defendant's home and work addresses[2] and the officer receiving the citation is unsuccessful in serving the citation using the procedure in rule 742:

---

[2]The first paragraph of rule 742a reads: "If the sworn complaint lists all home and work addresses of the defendant which are known to the person filing the sworn complaint and if it states that such person knows of no other home or work addresses of the defendant in the county where the premises are located, service of citation may be by delivery to the premises in question as follows: . . . ." TEX. R. CIV. P. 742a.

If the *officer* receiving such citation is unsuccessful in serving such citation under Rule 742, the *officer* shall no later than five days after receiving such citation execute a sworn statement that the *officer* has made diligent efforts to serve such citation on at least two occasions at all addresses of the defendant in the county where the premises are located as may be shown on the sworn complaint, stating the times and places of attempted service. Such sworn statement shall be filed by the *officer* with the justice who shall promptly consider the sworn statement of the *officer*. The justice may then authorize service according to the following:

(a) The *officer* shall place the citation inside the premises by placing it through a door mail chute or by slipping it under the front door; and if neither method is possible or practical, the *officer* shall securely affix the citation to the front door or main entry to the premises.

(b) The *officer* shall that same day or the next day deposit in the mail a true copy of such citation with a copy of the sworn complaint attached thereto, addressed to defendant at the premises in question and sent by first class mail;

(c) The *officer* shall note on the return of such citation the date of delivery under (a) above and the date of mailing under (b) above [and return the citation to the justice who issued it within a certain time frame].[3]

TEX. R. CIV. P. 742a (emphasis added) (footnote added).

You point out that neither rule defines the term "officer." It is clear from the Rules of Civil Procedure as a whole, however, that the term "officer" refers to statutory officials, such as a sheriff or constable. For example, rule 103, the general rule for service of process in district and county courts, provides that "[c]itation and other notices may be served anywhere by (1) any sheriff or

---

[3]The last two paragraphs of rule 742a provide as follows:

(d) Such delivery and mailing to the premises shall occur at least six days before the return day of the citation; and on or before the day assigned for trial he shall return such citation with his action written thereon, to the justice who issued the same.

It shall not be necessary for the aggrieved party or his authorized agent to make request for or motion for alternative service pursuant to this rule.

TEX. R. CIV. P. 742a.

constable or other person authorized by law[4] or, (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age," TEX. R. CIV. P. 103 (footnote added), as does rule 536(a), the general rule for service of process in justice courts, *see* TEX. R. CIV. P. 536(a). Prior to the addition of subpart (2) to rule 103, appellate courts construed the rules to require an officer authorized to serve process by rule 103 to attempt service by one of the methods provided in rule 106(a)(1) and (2) before the trial court was authorized to appoint a private process server pursuant to rule 106(b). *See Lawyer's Civil Process, Inc. v. State ex rel. Vines*, 690 S.W.2d 939 (Tex. App.–Dallas 1985, no writ). The Texas Supreme Court added subpart (2) to rule 103 in 1988 to "make[] clear that the courts are permitted to authorize persons other than Sheriffs or Constables to serve Citation,"[5] and it added the same language to rule 536(a) in 1990, "[t]o conform justice court service of citation to the extent practicable to service of citation for other trial courts."[6] In the rules that follow rules 103 and 536(a), the general term "officer" is used to refer only to statutory officials whereas the more general term "authorized person" is used to embrace private process servers. *See, e.g.*, TEX. R. CIV. P. 105, 107, 536a. Thus, we conclude that the term "officer" in rules 742 and 742a does not embrace private process servers and that these rules, by their plain language, do not permit private process servers to serve citations in eviction actions.

You observe that rule 536(a), which establishes who may serve process in justice court actions generally, provides that citations and other notices may be served "by (1) any sheriff or constable or other person authorized by law or, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age." TEX. R. CIV. P. 536(a). You suggest this provision permits private process servers to serve process in eviction actions. We conclude, however, that rule 536(a) does not govern service of citations in eviction suits. Rule 536(a) provides for service by an officer or an authorized person and rules 536(b)-(c) and 536a provide methods of service. *See* TEX. R. CIV. P. 536-536a. Rules 742 and 742a, which specifically govern eviction actions, speak exclusively in terms of service of citation by an officer and provide specific methods of service. *See* TEX. R. CIV. P. 742-742a, *supra* at pp. 2-3. Given eviction proceedings' unique nature and purpose, special rules applicable only to such actions must prevail over inconsistent rules governing other justice court proceedings or courts generally. *See Haginas*, 354 S.W.2d at 371 ("An action of forcible entry and detainer is a special proceeding and as such is governed by the special statutes and rules . . . ."); *Ragsdale v. Ward*, 173 S.W.2d 765, 766 (Tex. Civ. App.–El Paso 1943, no writ) ("Forcible entry and detainer is a special proceeding, and as such is governed by the provisions of law specifically applicable thereto. . . . This being a statutory proceeding, it is essential the special provisions be looked to and followed . . . .").

---

[4]Sheriffs and constables are expressly required by law to execute process. *See* TEX. LOC. GOV'T CODE ANN. §§ 85.021(a) (Vernon 1999) ("The sheriff shall execute all process and precepts directed to the sheriff by legal authority and shall return the process or precept to the proper court on or before the date the process or precept is returnable."), 86.021(a) (Vernon Supp. 2003) ("A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer.").

[5]*See* TEX. R. CIV. P. ANN. 103 (Comment–1988) (Vernon 2003).

[6]*See* TEX. R. CIV. P. ANN. 536 (Comment–1990) (Vernon Supp. 2003).

Nor do the general rules governing service of process in district and county courts apply in eviction suits, because rules 742 and 742a specifically prescribe service in such suits. *See* TEX. R. CIV. P. 523 ("All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, *except where otherwise specifically provided by* law or *these rules.*") (emphasis added); Tex. Att'y Gen. Op. No. H-1315 (1978) at 2 (concluding that substitute service prescribed by rules 106 and 109 may not be used in eviction suit; "service of process under Rule 106 or 109 is unauthorized because the manner is 'otherwise specifically provided' by Rule 742").[7]

You also attempt to harmonize rules 742 and 742a with rule 536(a) by suggesting that rules 742 and 742a "merely express the mandatory duties associated with serving process in forcible entry and detainer suits, and were not intended to restrict the scope of persons authorized to perform such duties." Request Letter, *supra* note 1, at 2. You posit that rules 742 and 742a "only provide *how* process may be served, while Rule 536(a) provides *who* may serve it." *Id.* Your argument derives from the structure of other more general rules on service of process. Rule 103, for example, specifies who may serve process in district and county court actions, while rules 105 through 107 specify the duties of a person serving such process. *See* TEX. R. CIV. P. 103, 105-107; *see also P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859 (Tex. Civ. App.–Houston [1st Dist.] 1996, writ denied) ("Rule 103 simply addresses *who* may serve; rule 106 addresses the *method* of service . . . ."). Similarly, rule 536(a) establishes who may serve citations and other notices in justice court proceedings generally, while rules 536(b)-(c) and 536a describe methods for such service. *See* TEX. R. CIV. P. 536, 536a. But those rules specifying *how* process may be served expressly refer to service by "the officer or authorized person." *See, e.g.*, TEX. R. CIV. P. 105, 107, 536a. By contrast, rules 742 and 742a refer only to service by "the officer." *See* TEX. R. CIV. P. 742-742a. In doing so, rules 742 and 742a govern not only *how* process must be served in eviction suits but also govern and limit *who* may serve such process.

In your analysis, you rely heavily on Attorney General Opinion MW-452, in which this office resolved an inconsistency between past versions of rules 103 and 116, both of which addressed methods of service in district and county courts, by harmonizing them. *See* Tex. Att'y Gen. Op. No. MW-452 (1982) at 1-3. But eviction suits are unique proceedings governed by their own rules, which may, by design, deviate from other more general rules. Given their special nature, it is not necessary or appropriate to alter eviction-suit rules by "harmonizing them" with generally applicable but inconsistent rules.

Finally, you contend that rules 106(b)(2) and 536(c)(2) permit justice courts to authorize private process servers to serve citations in eviction suits. *See* Request Letter, *supra* note 1, at 3. Rule 106(b)(2) permits a district or county court to authorize service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). Rule 536(c)(2) provides a justice court with parallel authority. *See* TEX. R. CIV. P. 536(c)(2). However, both rules permit a court to authorize service in "any other manner" only if service under a primary method prescribed elsewhere in the rule has been unsuccessful. *See* TEX. R. CIV. P. 106(b)(2) (court may authorize service in any other manner

---

[7]The Texas Supreme Court adopted rule 742a, which provides an alternate method for service in eviction suits, in 1982. *See* TEX. R. CIV. P. 742a.

only "[u]pon motion supported by affidavit . . . showing that service has been attempted under either (a)(1) or (a)(2) . . . but has not been successful"), 536(c)(2) (same). Because the authority granted to courts in rules 106(b)(2) and 536(c)(2) is contingent on failed service under other methods, those rules do not provide an independent basis for justice courts to authorize private process servers to serve process in eviction suits. Moreover, rule 742a provides a special alternate method of service in eviction actions (service by delivery to the premises) if the officer is unsuccessful in providing personal service under rule 742. *See* TEX. R. CIV. P. 742a.

You suggest that there is no reason to restrict service of citations in eviction suits to "officers" when private individuals may serve process in other kinds of actions. Nonetheless, the Rules of Civil Procedure retain distinct provisions for service of process in eviction actions, which we cannot ignore. The Texas Supreme Court has spoken clearly on this point: "[W]e are not free to disregard [a rule's] plain language." *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 915 (Tex. 1992). Any revision of the rules must be left to the Texas Supreme Court's rules revision process. *See id.* ("The Legislature has provided that notice be given before rules amendments become effective. In addition, this Court has structured the rules revision process to encourage advice and comment from the bench and bar, and from the public generally. Any revision . . . should be left to those processes."); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

## S U M M A R Y

A private process server is not authorized to serve citation in a forcible entry and detainer suit or a forcible detainer suit.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee