ACCEPTED
03-14-00635-CV
4484211
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 10:21:48 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00635-CV

IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 10:21:48 PM
JEFFREY D. KYLE
Clerk

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No.  14-0385-C**

**RESPONSE TO MOTION TO DISMISS AS MOOT**
**BRIEF OF APPELLANT**

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEYS FOR APPELLANT

**ORAL ARGUMENT NOT REQUESTED**

No. 03-14-00635-CV

## IN THE THIRD COURT OF APPEALS OF TEXAS

**Michael Leonard Goebel and all other occupants of 207 Cazador Drive**
**Appellant**

**v.**

**Sharon Peters Real Estate, Inc.**
**Appellees**

**Appeal from the County Court at Law 2 Hays County, Texas**
**Trial Court No. 14-0385-C**

## RESPONSE TO MOTION TO DISMISS AS MOOT
## BRIEF OF APPELLANT

David Rogers
Texas Bar No. 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
Matthew Wilson
Texas Bar No. 24079588
Telephone: (512) 923-1836
Fax: (512) 201-4082

ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**

Dr. Michael Goebel

**COUNSEL:**

David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
DARogers@aol.com

Matthew Wilson
SBN 24079588
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
MWilson@MatthewWilsonLaw.com

**APPELLEES:**

**Sharon Peters Real Estate, Inc.**

**COUNSEL:**

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
**Attorney for the corporation, Sharon Peters Real Estate, Inc.**

## TABLE OF CONTENTS

Identity of Parties and Counsel…………………………………………………..iii

Table of Contents………………………………………………………...iv

Index of Authorities……………………………………………….......v

Statement of the Motion……………………………………………………1

Statement on Oral Argument…………………………………………..2

Issues Presented…………………………………………………..2

Solution…………………………………………………………..2

Facts………………………………………………………………...3

Argument & Authorities…..…………………………………………....7

Prayer………..…………………………………….....................16

Certificate of Service………..………………………………………17

Certificate of Compliance………..……………………………………..18

# INDEX OF AUTHORITIES

**U.S. SUPREME COURT**
*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 143
L. Ed. 2d 760, 119 S. Ct. 1563 (1999)……………………………….……8

**FEDERAL COURTS OF APPEAL**
*Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380 (5th Cir. 2014)……………8
*Gandy Nursery, Inc. v. U.S.*, 318 F.3d 631, 636 (5th Cir. 2003)………..…8
*Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002)……..8

**TEXAS SUPREME COURT**
*Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566 (Tex. 2013) …………14

**TEXAS COURTS OF APPEAL**
*Adams v. Ross*, 2013 Tex. App. LEXIS 2974, 6-7, 2013 WL 1183297
(Tex. App.--Houston [1st] Mar. 21, 2013)……………….…………...10
*Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557
(Tex. App.--San Antonio 2001, *pet. dism'd*)……………….………...5, 11
*Green Oaks, Ltd. v. Cannan*, 749 S.W.2d 128, 130, 1987 Tex. App. LEXIS
9289, 5 (Tex. App.—San Antonio 1987)………...............................4, 13
*Kennedy v. Andover Place Apartments*, 203 S.W.3d 495 (Tex. App.--
Houston [14th Dist.] 2006, no pet.)…………………...………………7
*Missouri City v. Senior*, 583 S.W.2d 444 (Tex.App.–Houston [1st Dist]
1979) ……………………………………………………...13
*Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171
(Tex. App.—Houston[1st Dist.] 1995……………………………...…12
*Myrad Props. v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 607,
(Tex. App.—Austin 2008)……………………………………...………3
*O'Brian v. First State Bank*, 1996 Tex. App. LEXIS 4099
(Tex.App. – Austin 1996)…………………………………………12
*Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014
Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014)……..4, 13
*Rice v Pinney*, 51 S.W.3d 705 (Tex. App.--Dallas 2001)………….…..…5
*State v. Jones*, 220 S.W.3d 604 (Tex. App.—Texarkana 2007, *no pet.*)…..10
*Stegall v. Cameron*, 601 S.W.2d 771, 773, 1980 Tex. App.
LEXIS 3536, 3-6 (Tex. Civ. App.--Dallas 1980)…………………………10
*Volume Millwork, Inc. v. W. Houston Airport Corp.*, 2006 Tex. App.
LEXIS 6907, 17 (Tex. App.--Houston [1st] Aug. 3, 2006………………..10
*Wetsel v. Ft. Worth Brake, Clutch & Equipment, Inc.*, 780 S.W.2d 952, 954

(Tex. App.--Fort Worth 1989)…………………………………….……..10

*Winrock Houston Assocs. Ltd. Partnership v. Bergstrom*, 879 S.W.2d 144,
(Tex. App. Houston [14th] 1994)………………………….……….....10

*Wilson v. Petty*, 2008 Tex. App. LEXIS 3561, 7-8, 2008 WL 2068063 (Tex.
App. Dallas May 16, 2008) ………………………………….…………7

*Yarbrough v. Household Fin. Corp. III*, 2015 Tex. App. LEXIS 212 (Tex.
App.—Houston [14th])…………………………………………….……13

**CODES**
TEX. PROP. CODE § 92.009……………………………………………..11

**RULES**
TEX. R. APP. P. 39.1……………………..………………………………..2
TEX. R. CIV. P. 746………………………………………………………5
TEX. R. APP. PROC 25.1(a)-(b)…………………………………….6, 9
Texas Rule of Civil Procedure 506.1(b)……………………..............9
Texas Rule of Civil Procedure 510.9 (a)……………………………..9, 10
TEXAS R. CIV. PRO. 510.8(D)(3)………………………………………11
TEXAS R. CIV. PRO. 510.9 (c) (5)………………………………….....11

**TO THE HONORABLE THIRD DISTRICT COURT OF APPEALS:**

Appellant, Dr. Michael Goebel, hereby pleads that the honorable Court of Appeals deny Appellee's motion to dismiss this appeal as moot, proceed with briefs on the merits, and reverse the judgment of the Hays County Court at Law #1 and remand for further proceedings, and in support of this motion he shows the Court:

**Statement of the Motion**

1.01.  Appellant, Dr. Michael Goebel (hereinafter "Goebel" or "Appellant") was evicted from his homestead at 207 Cazador Drive, San Marcos, Texas by Appellee Sharon Peters Real Estate, Inc. (hereinafter "SPRE" or "Appellee").  This appeal is of a Judgment entered August 11, 2014 by the Hays County Court at Law Number 2, Honorable Linda A. Rodriguez presiding, overturning the judgment of dismissal by Justice of Peace Court Precinct 1, Place 2, Honorable Margie H. Hernandez presiding.[1]

1.02.  Appellee suggests that "because Goebel is no longer in possession of the Property, and because he has no potentially meritorious right to current, actual possession of the Property, Goebel's appeal of the judgment of possession is moot."

---

[1] Clerk's Record (hereinafter "CR" at 7.)

## Statement Regarding Oral Argument

2.01.  Appellant believes that this brief and record adequately present the facts and legal arguments involved in this appeal and that oral argument would not aid the decisional process significantly.  *See* TEX. R. APP. P. 39.1. Should the Court conclude that oral argument would be helpful, however, Appellant stands ready and requests the opportunity to participate.

## Issues Presented

3.01.  Is the appeal moot merely because Goebel is no longer in possession of the Property?

3.02.  Does Goebel potentially have meritorious right to current, actual possession of the Property because the Hays County Court did not jurisdiction over the cause when no appeal bond was timely filed with the Hays County Justice of the Peace Court?

## Solution

3.03.  The appeal is not moot merely because Goebel is no longer in possession of the Property.

3.04.  Goebel does potentially have meritorious right to current, actual possession of the Property because the Hays County Court did not jurisdiction over the cause when no appeal bond was timely filed with the Hays County Justice of the Peace Court.  Additionally, the underlying sale

was void under the theory of *nemo dat quod habet*[2] because the alleged title of the transferor relied on a foreclosure which was void because it was conducted in violation of a temporary restraining order of a District Court with jurisdiction over the matter. As the County Court did not have the right to dispossess Goebel, he is entitled to current, actual possession.

## Facts

4.01. Dr. Goebel purchased the property from the previous owner in January of 2005, [3] with a loan from Lehman Bros. Bank, FSB.[4]

4.02. At no time was Aurora Loan Services, LLC ("Aurora") or Nationstar the owner of the Note, nor was Nationstar the "mortgage servicer" authorized to foreclose on the property under Texas Property Code Chapter 51. This is important, because, as the Third Court of Appeals recently stated, "noncompliance with these requirements can render a foreclosure sale void." *Myrad Props. v. LaSalle Bank Nat'l Ass'n*, 252

---

[2] Literally, "no one gives what he does not have." The **nemo dat rule** states that the purchase of a possession from someone who has no ownership right to it also denies the purchaser any ownership title. *See Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 46 (Tex. App.—Houston [1st] 2011 ("[i]t is well established under Texas law that a party cannot convey to another a greater interest in a property than it possesses.")

[3] *See* Deed, CR at 299-300.

[4] Lehman Bros. Bank, FSB was one of the first lenders to go under in the Great Recession. Lehman Bros. Bank, FSB ceased business operations in the fall of 2008, in the largest bankruptcy in American history. Its constituent parts were acquired by a variety of entities in fall of 2009 as one of the first dominoes in the great bank collapse of that year.

S.W.3d 605, 607, (Tex. App.—Austin 2008).

4.03.  Nationstar initiated foreclosure proceedings in 2013.  The Foreclosure sale occurred September 3, 2013, approximately two and a half hours after the Honorable Judge Bill Henry had signed a temporary restraining order,[5] and approximately two hours after Mr. Goebel paid the required bond to the District Clerk.

4.04.  Subsequent to the Nationstar foreclosure, Nationstar purportedly sold the property, through the Auction.com website, to Sharon Peters Real Estate, Inc., and on April 11, 2014, Sharon Peters Real Estate, Inc., filed suit seeking possession of Goebel's home.

---

[5] Though Sharon Peters Real Estate, Inc. complains bitterly about the mistaken language in the TRO suggesting the TRO is valid for 60 days, in violation of the statutory 14 day limit on a TRO, that defect does not vitiate the TRO.  "Judgments which are rendered without observance of statutory requirements which are purely procedural are not void, however irregular or erroneous they may be." *Ex parte Coffee*, 328 S.W.2d 283, 291 (Tex. 1959). (internal citations omitted.)  Peters Real Estate may also complain of other procedural defects, but "[w]hen a Texas court issues an order, the order must be obeyed, even if it was issued in a flagrantly erroneous manner. The violation of a restraining order will be excused only if the order was 'absolutely void.' An order is absolutely void if the court that issued it lacked the jurisdiction needed to do so. This Court already decided that the court that issued the TRO had jurisdiction. The order was not, therefore, absolutely void and those persons bound by it had no choice but to obey." *Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130, 1987 Tex. App. LEXIS 9289, 5 (Tex. App. San Antonio 1987) (internal citations omitted.)  Any sale in violation of a TRO is void.  *See Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014 Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014) ("The trial court had already held the attempted correction deed of September 22, 2011, void as a violation of the court's injunction.")

4.05.  On May 7, 2014, Dr. Goebel filed a suit contesting title, docketed in the 274th District Court as 14-0878.  That suit remains pending.

4.06.  On May 8, 2014, the Honorable Judge Hernandez dismissed the forcible detainer suit, finding that the title questions raised in the District Court suit were so intertwined as to deprive the justice court of lack of jurisdiction.[6]  Also on May 8, 2014, Sharon Peters Real Estate, Inc. filed a notice of appeal, wherein it stated: "The Court set a bond amount of zero dollars ($0). Accordingly, Plaintiff has not filed a bond or made a cash deposit."  The Court in its May 8, 2014 order did not specifically set a bond amount at zero.  The Justice Court in its initial order did not set a bond amount at all.[7]

---

[6] *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.--San Antonio 2001, pet. dism'd). ("If the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.")  *See also Rice v Pinney,* 51 S.W.3d 705, at 708-709 (Tex. App.--Dallas 2001) ("Moreover, in an action for forcible detainer, 'the merits of the title shall not be adjudicated.' *TEX. R. CIV. P. 746.* Accordingly, notwithstanding its grant of general jurisdiction, a statutory county court has no jurisdiction to adjudicate title to real estate in a de novo trial following an appeal of a forcible detainer suit from justice court.")

[7] CR at 7.  In the absence of a court order to the contrary, the standing rule of civil procedure controls.  TEX. R. CIV. PROC. 2  ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated.")
On May 19, 2014, the **justice court** set the bond at $3,000.00.

4.07.  Sharon Peters Real Estate, Inc. appealed its loss in the case to the County Court at Law.  It did not file an appeal bond until May 19, 2014, 11 days after the order of possession had been signed.

4.08.  On September 18, 2014, the Honorable County Court Judge signed an order granting Sharon Peter's Real Estate's Traditional Motion for Summary Judgment.

4.09.  On September 29, 2014, Dr. Goebel filed notice of Appeal to this Court with the County Court.

4.010. On October 6, 2014, the 3rd Court of Appeals sent notice to counsel for both sides that the court had assigned a cause number for the appeal – Court of Appeals Number: 03-14-00635-CV.  On October 9, 2014, the Defendant paid the filing fee to the 3rd Court of Appeals.

4.011.  After Dr. Goebel's appeal had been perfected by filing,[8] Defendant received a "Writ of Possession" on his door on October 20, 2014, setting the date of execution for October 22, 2014.

4.012.  On October 24, 2014, Dr. Goebel lost possession, following a hearing at the County Court at Law #2 seeking to recall the writ.

---

[8] "[A]n appeal is perfected when a written notice is filed with the trial court … [t]he filing of a notice of appeal invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from…." TEX. R. APP. PROC 25.1(a)-(b).

# ARGUMENT & AUTHORITIES

**Possession of the property does not effect mootness, and because Sharon Peters Real Estate, Inc., failed to timely file an appeal bond from the Justice Court and failed to vest jurisdiction in the County Court at Law, Goebel has a meritorious claim to current possession.**

5.01.  The appeal is not moot merely because Goebel is no longer in possession of the Property.

> In short, "[w]hen possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes moot." *De La Garza, 2007 Tex. App. LEXIS 8799 at *2, 2007 WL 3270769, at *1*. But if the evicted party has some potentially meritorious claim to current possession of the premises, his or her appeal does not become moot by reason of the eviction. *See Kennedy*[*v. Andover Place Apartments*, 203 S.W.3d 495 (Tex. App.--Houston [14th Dist.] 2006, no pet.).], *203 S.W.3d at 497*.

*Wilson v. Petty*, 2008 Tex. App. LEXIS 3561, 7-8, 2008 WL 2068063 (Tex. App. Dallas May 16, 2008)

5.02.  Goebel does have a meritorious right to current, actual possession of the Property because the Hays County Court did not have jurisdiction over the cause when no appeal bond was timely filed with the Hays County Justice of the Peace Court.  Additionally, as the underlying sale was void for violation of a valid court order, title was never transferred away from Goebel, so Appellee never possessed right to possession.

5.03.  Courts review subject matter jurisdiction *de novo* as a question of law. *See Gandy Nursery, Inc. v. U.S., 318 F.3d 631, 636 (5th Cir. 2003) (citing In re Canion, 196 F.3d 579, 584 (5th Cir.2002)).*  Examination of subject-matter jurisdiction is each federal court's first obligation.  In *Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 429 (5th Cir. 2002)*, the United States Fifth Circuit Court held:

> . . . as the Supreme Court has stated: "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. *This question the court is bound to ask and answer for itself, even when not otherwise suggested."*  (Emphasis added)

5.04.  *Hospitality House* cited *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) (internal quotations and citation omitted) for the proposition, and *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 143 L. Ed. 2d 760, 119 S. Ct. 1563 (1999) ("Subject-matter delineations must be policed by the courts on their own initiative even at the highest level.").  Thus, "the Supreme Court has repeatedly affirmed that federal courts have an independent obligation to determine their own subject-matter jurisdiction." *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380 (5th Cir. 2014) (citing *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011); *Arbaugh, id.*; *Steel Co., id.*

5.05. "[A]n appeal is perfected when a written notice is filed with the trial court … [t]he filing of a notice of appeal invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from…." TEX. R. APP. PROC 25.1(a)-(b). The written notice of appeal was filed with the trial court on September 29, 2014.[9]

5.06. The County Court at Law lacked jurisdiction because no bond was timely paid from the justice court. Texas Rule of Civil Procedure 506.1(b) requires a losing plaintiff post a $500 appeal bond.

> TRCP 506 Appeal
>
> 506.1 Appeal. …
>
> (b) Amount of Bond; Sureties; Terms.  A plaintiff must file a $500 bond.  A defendant must pay a bond in an amount equal to twice the amount of the judgment.  The bond must be supported by a surety or sureties approved by the judge.  The bond must be payable to the appellee and must be conditioned on the appellant's prosecution of its appeal to effect and payment of any judgment and all costs rendered against it on appeal.

5.07. No bond was posted by Sharon Peters Real Estate within the 5 day period set for file an appeal bond in eviction cases by Texas Rule of Civil Procedure 510.9 (a).[10]

5.08. TRCP 510.  Eviction Cases

---

[9] CR at 412-415

[10] The order from the Justice Court was filed May 8, 2013, and the notice of appeal was also filed on May 8, 2013.  The Notice contained an admission that no bond was paid with the filing of the notice.  Bond in the amount of $3,00 was paid on or about May 19, 2014.

510.9 Appeal.

(a) How Taken; Time. A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 5 days after the judgment is signed.

5.09. These facts are uncontested. As a result, the County Court lacked jurisdiction to issue the order granting possession. "Failure to file [an eviction] appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is without jurisdiction to hear the case." *State v. Jones*, 220 S.W.3d 604, 607 (Tex. App.—Texarkana 2007, no pet.), citing *RCJ Liquidating Co. v. Village, Ltd.*, 670 S.W.2d 643, 644 (Tex. 1984). *Accord, Winrock Houston Assocs. Ltd. Partnership v. Bergstrom*, 879 S.W.2d 144, 150, 1994 Tex. App. LEXIS 1034, 15 (Tex. App. Houston 14th Dist. 1994), *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 2006 Tex. App. LEXIS 6907, 17 (Tex. App.--Houston [1st] Aug. 3, 2006; *Wetsel v. Ft. Worth Brake, Clutch & Equipment, Inc.*, 780 S.W.2d 952, 954 (Tex. App.--Fort Worth 1989); *Adams v. Ross*, 2013 Tex. App. LEXIS 2974, 6-7, 2013 WL 1183297 (Tex. App.--Houston [1st] Mar. 21, 2013), *Stegall v. Cameron*, 601 S.W.2d 771, 773, 1980 Tex. App. LEXIS 3536, 3-6 (Tex. Civ. App.--Dallas 1980).

5.010.  Goebel perfected his appeal to this court on Monday, September 29, 2014, by filing Defendant's Notice of Appeal.[11]

5.011.  Thereafter, a writ of possession could not lawfully be issued.  TEX. R. CIV. PRO. 510.8(d)(3): "A writ of possession must not issue is an appeal is perfected and, if applicable, rent is paid into the registry, as required by these rules."  As there is no rental contract, there is no rent required by the rules.  Payment of rent is only required in non-payment of rent appeals.  TEX. R. CIV. PRO. 510.9 (c) (5).

5.012.  A writ was nonetheless issued thereafter, and was executed on October 24, 2014.  SHARON PETERS REAL ESTATE, INC. took possession of 207 CAZADOR DRIVE SAN MARCOS, TX 78666 at that time.

5.013.  As the writ issued in defiance of TEXAS R. CIV. PRO. 510.8(d)(3), the writ was unlawfully issued, and Michael Goebel is therefore entitled to a writ of re-entry under TEX. PROP. CODE § 92.009.

5.014.  A forcible detainer is a procedure to determine the right to immediate possession of real property. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App. –San Antonio 2001, pet. dism'd w.o.j.).  The justice courts and the county courts at law are deprived of jurisdiction to

---

[11] CR at 412-415.

adjudicate a forcible detainer action if the question of title is so intertwined with the issue of possession that possession may not be adjudicated without first determining title. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston[1ˢᵗ Dist.] 1995, writ denied).

5.015.  Plaintiff's contention that Sharon Peters owns the property is factually and demonstrably incorrect.  The District Court for Hays County Texas, the Hon. Bill Henry presiding, issued an order enjoining the sale of the disputed property nearly two hours prior to Nationstar purporting to conduct the enjoined foreclosure.[12]  The sale was void *ab initio*.

5.016. "A foreclosure sale made in violation of an injunction is void and transfers no title.  The remedy for violation of an injunction preventing the sale of land is to set aside the sale." *O'Brian v. First State Bank*, 1996 Tex. App. LEXIS 4099 (Tex.App. – Austin 1996) (citing *Ford v. Emerich,* 343 S.W.2d 527, 531 (Tex. Civ. App.--Houston 1961, writ ref'd n.r.e.) (where trustee's deed is absolutely void, suit at law in trespass to try title may be maintained to recover land without setting deed aside).   Nationstar's foreclosure sale of Dr. Goebel's homestead was made in violation of this injunction.  No title was transferred.

5.017.  Plaintiff's right to possession is tied to a dispute over the title to the

---

[12] CR at 311-313.

property. From the moment Dr. Goebel's Cash Bond was filed with the Clerk, Nationstar's foreclosure was void *ab initio* and any action dependent thereon, *e.g.*, Plaintiff's forcible detainer action on the disputed property is also void *ab initio*. See *Green Oaks, Ltd. v. Cannan*, 749 S.W.2d 128, 130 (Tex.App. – San Antonio 1987) "When a Texas court issues an order, the order must be obeyed, even if it was issued in a flagrantly erroneous manner."; *Missouri City v. Senior,* 583 S.W.2d 444, 446 (Tex.App. – Houston [1ˢᵗ Dist] 1979).

5.018. Further, since rightful title is a condition precedent, there is no tenancy at sufferance. The tenancy at sufferance language is conditioned upon a valid (not *void*) foreclosure, and is conditional language in the deed of trust.[13] The condition precedent must be proved and cannot be proved except by trying title. A trustee's sale in violation of an injunction is void, as though it never happened.[14] Sharon Peters Real Estate, Inc. ignores the fact that the landlord-tenant relation is only created by a *valid* foreclosure.

---

[13] *Yarbrough v. Household Fin. Corp. III*, 2015 Tex. App. LEXIS 212 (Tex. App.—Houston [14th]) (Allegation and evidence of void Deed of Trust with language creating landlord-tenant relationship conditional on foreclosure deprives justice court of jurisdiction over forcible detainer action for the property described in the Deed of Trust.)

[14] Any sale in violation of a TRO is void. *See Parham Family L.P. v. Morgan*, 434 S.W.3d 774, 791, 2014 Tex. App. LEXIS 5930, 42 (Tex. App. Houston 14th Dist. 2014). *See also Green Oaks, Ltd. v. Cannan,* 749 S.W.2d 128, 130, 1987 Tex. App. LEXIS 9289, 5 (Tex. App. San Antonio 1987)

5.019. The justice court in this case properly ordered dismissal for want of jurisdiction in this forcible detainer action because title was intertwined with the issue of possession. Because subject-matter jurisdiction cannot be waived by the parties, any judgment granting possession by the County Court, without jurisdiction, would constitute an advisory opinion prohibited under the Texas Constitution.[15]

5.020. The County Court made two fundamental jurisdictional errors. Because the appeal bond was not paid timely, the County Court lacked jurisdiction to make any ruling in the case other than to dismiss for lack of jurisdiction. Because the facts show unequivocally that the District Court granted the temporary restraining order prior to the purported transfer

---

[15] The Constitution does not afford courts jurisdiction to issue advisory opinions; those are a function of the executive department. *Tex. Const. art. IV, §§ 1*, *22* (specifying that the attorney general is part of the executive department and empowering the attorney general to issue advisory opinions to the governor and other officials); *e.g., Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000)* (per curiam) ("Under *article II, section 1 of the Texas Constitution*, courts have no jurisdiction to issue advisory opinions."); *see also Patterson, 971 S.W.2d at 442* ("The constitutional roots of justiciability doctrines such as ripeness, as well as standing . . . , lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine.").
*Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 591, 2013 Tex. LEXIS 491, 67, 56 Tex. Sup. J. 696, 2013 WL 3119481 (Tex. 2013) (Johnson, J., dissenting.)

of title, the title is *void*, and the County Court lacks jurisdiction.[16]

5.021. Additionally, because the undisputed evidence unequivocally shows that the sale was void because for violation of an order of a court with jurisdiction, Sharon Peters Real Estate could not establish under any circumstances a condition precedent to filing suit: that demand for possession was made by a person entitled to possession.[17]

5.022. The District Court's temporary restraining order prohibiting Nationstar Mortgage from selling the disputed property (and Defendant's bond) was issued a little less than two hours before the alleged sale Plaintiff relies on to seek possession of the property before this Court.[18]

5.023. That TRO makes the Substitute Trustee's Deed a *void* document, issued in violation of a lawful order by a Hays County District Court, and issued by the Hays County District Clerk, pursuant to a cash bond paid by Dr. Goebel.

---

[16] *Yarbrough v. Household Fin. Corp. III,* 2015 Tex. App. LEXIS 212 (Tex. App.—Houston [14th]), delivered Jan. 15, 2015. ("Because the Yarbroughs contend the deed of trust and resulting substitute trustee's deed are void due to forgery, they have raised a genuine issue of title so intertwined with the issue of possession as to preclude jurisdiction in the justice court. A prerequisite to determining the immediate right to possession will be resolution of the Yarbroughs' title dispute concerning forgery of the deed of trust. Accordingly, the justice and county courts lacked jurisdiction.")

[17] Tex. Prop. Code 24.002 (b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

[18] CR at 311-313.

5.024. The basis for the forcible-detainer action is the alleged transfer of title in violation of a valid court order. Therefore "neither the justice court, nor the county court on appeal, has jurisdiction." Since jurisdiction can be raised at any time, and proof of the County Court's lack of jurisdiction is in the record, and the Court is constitutionally required to determine its jurisdiction in order to prevent rendering a constitutionally prohibited advisory opinion, Defendant respectfully requests this honorable Court order the court below to dismiss for want of jurisdiction under *de novo* review.

## PRAYER

Appellant Goebel respectfully requests that, as the County Court at Law lacked jurisdiction, this Court reverse the judgment of the County Court at Law in all things and remand for further action consistent with its opinion.

RESPECTFULLY SUBMITTED,


  */s/ David Rogers*
DAVID ROGERS
Law Office of David Rogers
State Bar No. 24014089
1201 Spyglass Drive, Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 (fax)
Firm@DARogersLaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was served upon counsel of record for Appellees on this 12th day of March via this Court's online filing system.

The J. Hyde Law Office, PLLC
Dr. J. Hyde
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
**Attorney for the corporation, Sharon Peters Real Estate, Inc.**

_/s/  David Rogers_____
David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
Firm@DARogersLaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document contains 3,913 words.

*/s/ David Rogers*

David Rogers
SBN 24014089
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, TX 78746
(512) 923-1836
(512) 201-4082 [Facsimile]
Firm@DARogersLaw.com
